UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JESSIE HOFFMAN, ET AL.

VERSUS

BOBBY JINDAL, ET AL.

CIVIL ACTION

NO. 12-796-JJB

**SUPPLEMENTAL REASONS FOR GRANTING INTERVENOR'S MOTION FOR PRELIMINARY INJUNCTION**

This matter came before the Court on Intervenor Christopher Sepulvado's Motion for a Preliminary Injunction the morning of February 7, 2013. (Doc. 14). Sepulvado moved to enjoin his execution, which was scheduled for February 13, 2013. At oral argument, the Court granted the motion, reserving the right to issue supplemental reasons.

There are two claims raised in Sepulvado's Section 1983 complaint and this ruling addresses the first of the two. The Court expresses no opinion on the second issue. The first issue is a 14th Amendment Due Process Claim relative to the disclosure of the current protocol for the execution of an inmate by the State of Louisiana. The second issue is an 8th Amendment Cruel and Unusual Punishment claim. There is no question that the intervenor, Sepulvado, has a right to raise that the method of execution does inflict cruel and unusual pain. However, in order to raise that 8th Amendment constitutional claim, Sepulvado contends that he has a 14th Amendment right to know what the protocol the state will use is. It is axiomatic that if an inmate who is to be executed cannot challenge a protocol as violative of the 8th Amendment until he knows what that protocol contains.

1

Prior to 2010, the State of Louisiana used a three-drug procedure to execute inmates via lethal injection. Counsel for the State has indicated that the first drug in the procedure, sodium thiopental, is no longer available and a single dose of pentobarbital will now be used to execute inmates. However, the State has refused to officially disclose what the protocol is until formal discovery procedures have been complied with.

The State has argued that this is an 11th hour appeal and that other courts have found that the use of pentobarbital is not violative of the 8th Amendment. It is well-settled in the United States Court of Appeals for the Fifth Circuit that "death-sentenced inmates may not wait until execution is imminent before filing an action to enjoin a State's method of carrying it out." *Berry v. Epps*, 506 F.3d 402, 404 (5th Cir. 2007). In *White v. Johnson*, the Fifth Circuit denied a motion for a stay, explaining that the inmate had been sentenced to death for over six years and "only now, with his execution imminent, has decided to challenge a procedure for lethal injection that the State has been using for his entire stay on death row." *White v. Johnson*, 429 F.3d 572, 574 (5th Cir. 2005). Moreover, the Fifth Circuit explained that "a plaintiff cannot wait until a stay must be granted to enable him to develop facts and take the case to trial-not when there is no satisfactory explanation for the delay." *Reese v. Livingston,* 453 F.3d 289, 291 (5th Cir. 2006).

Here, there is a satisfactory explanation for the delay. Sepulvado has been trying to determine what the protocol is for years and the State will not provide this information. It is also factually distinguishable from *White* because in *White*, the inmate

was challenging a known procedure that had been in place for the duration of his death row stay. Here, ever since 2010, the procedure has been unknown.

"Fundamental fairness, if not due process, requires that the execution protocol that will regulate an inmate's death be forwarded to him in prompt and timely fashion." *Oken v. Sizer*, 321 F.Supp.2d 658, 664 (D. Md. 2004). Fundamental fairness requires that the inmate be given meaningful and adequate notice of how his rights have been affected by the changes in the execution protocol. Sepulvado is entitled to review the full protocol itself.

The State has argued that the court must take evidence on the preliminary injunction motion. This argument ignores the fact that there are no disputed issues of fact on the due process claim. The States concedes that it has not officially disclosed what the existing protocol is and it refuses to do so until formal discovery procedures force it to. The delays inherent in that process will not offer Sepulvado a meaningful opportunity to present his 8th Amendment challenge under the current execution date.

The factors that this Court must consider are

> (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest.

*Brogdon v. Butler*, 824 F.2d 338, 340 (5th Cir. 1987). Here, the Court finds that Sepulvado will likely succeed on the merits for the reasons stated above. Sepulvado will suffer irreparable injury if the stay is not granted because otherwise, he may be

3

executed in an unconstitutional manner. Granting the stay will not substantially harm the other parties because Sepulvado is not contesting that the State will eventually execute him. The State will have its opportunity to do so. Finally, the stay serves the public interest in ensuring that Sepulvado's 14th Amendment Constitutional rights are observed and respected.

The intransigence of the State Defendants in failing to produce the protocol requires the Court to issue this order.

Accordingly, Sepulvado's Motion for a Preliminary Injunction (Doc. 14) is GRANTED based on his due process claim. The execution is hereby STAYED pending further orders of this Court. Discovery will proceed as ordered by the Magistrate Judge.

Signed in Baton Rouge, Louisiana on February 7th, 2013.

　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　**JAMES J. BRADY, DISTRICT JUDGE**
　　　　　　　　　　　　**MIDDLE DISTRICT OF LOUISIANA**