UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JESSIE HOFFMAN

VERSUS

BURL CAIN, WARDEN, ET AL

CIVIL ACTION

NUMBER 12-796-JJB-SCR

### RULING ON MOTION FOR PROTECTIVE ORDER

Before the court is the defendants' Motion for Protective Order Pursuant to FRCP 26(a). Record document number 60. The motion is opposed.[1]

Defendants sought a protective order regarding their lethal injection protocols ("Protocols"). Their proposed order would redact certain allegedly confidential telephone numbers and a significant amount of allegedly confidential data related to the execution schedule and procedures. The requested protective order would also restrict the use of the Protocols to this litigation and prohibit dissemination to anyone other than the plaintiffs, their attorneys and experts who specifically need to see the Protocols. The basis for the requested redactions is "serious security concerns," some of which the defendants described as "self-evident." Defendants argued that because execution by lethal injection is a controversial topic, dissemination of the Protocols could "plac[e] the entire process at risk of manipulation."

---

[1] Record document number 61.

As noted by the plaintiffs in their opposition memorandum, the defendants completely failed to comply with the requirement of Rule 26(c)(1) that the mover confer, or at least attempt to confer, in good faith in an effort to resolve the dispute without court action. The motion was filed without the required certification, and the plaintiffs state that in fact no effort was made at all. Had the defendants complied with Rule 26(c)(1), this motion may not have been necessary or the scope of the parties' dispute would have been narrowed. Defendants' failure to comply with Rule 26(c)(1) alone is sufficient to deny their motion.

Rule 26(c)(1) also requires a showing of good cause to grant a protective order. Essentially for the reasons argued by the plaintiffs in their opposition memorandum, the defendants have not shown good cause for the court to issue the protective order they sought. Defendants' motion is not supported by any affidavit or other evidence providing even one example of improper interference with an execution caused by or related to the dissemination of the current or any previous Louisiana execution protocol, or which shows that the defendants' security concerns and the asserted risk of manipulation are more than mere speculation or conjecture.

Accordingly, the defendants' Motion for Protective Order Pursuant to FRCP 26(a) is denied. Defendants shall provide the Protocols to the plaintiffs within 14 days.

Baton Rouge, Louisiana, June 4, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE