UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JESSIE HOFFMAN

VERSUS

BOBBY JINDAL ET AL

CIVIL ACTION

12-796-JJB-SCR

## RULING AND ORDER

This matter is before the Court on a Motion (doc. 124) for Protective Order brought by Defendants. Concomitantly, Defendants have filed a Sealed Motion (doc. 125) for Leave to File Unredacted Responses to Discovery Requests Under Seal. The Plaintiffs, Christopher Sepulvado and Jessie Hoffman, have filed an opposition (doc. 127).

Defendants seek a protective order concerning the lethal injection protocols that will be followed during the execution of the Plaintiffs. Specifically, the Defendants would like to prevent the disclosure of information related to the identities of: (1) the manufacturer and source of the lethal injection drugs that will be used; (2) those involved in supplying and testing these lethal chemicals; and (3) the healthcare professionals who will be personally and directly involved in the process of carrying out the execution. In the alternative, Defendants request that this information be disclosed for *in camera* review and made available to an exclusive list of interested parties consisting of the Plaintiffs, their attorneys, and expert witnesses. Furthermore, if the Court elects to pursue this alternative route, Defendants request that when this identifying information is disclosed for evidentiary purposes, it is done so under seal. Defendants contend that the controversial nature of execution by lethal injections warrants the issuance of a protective order. Defendants argue that if the aforementioned entities' and individuals' identities are disclosed, they will be subjected to "harassment, potential loss of business, and other adverse consequences which could be injurious to their business." (Doc. 124 ¶ 3).

1

In response, the Plaintiffs contend that this is the Defendants' third attempt to shroud their execution protocol in secrecy. As the Plaintiffs have pointed out, this Court has twice denied similar attempts by the Defendants to protect information concerning the execution protocols. *See* Docs. 60 and 102. The Plaintiffs argue, *inter alia*, that the Defendants have failed to show good cause for why this identifying information should be subject to a protective order. Instead, they assert that the Defendants' stated reason for requesting the protective order, i.e. to protect those involved in the execution from harassment and other adverse consequences, is based upon mere speculation and conjecture.

Where good cause is shown, a court may issue a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. FED. R. CIV. P. 26(c)(1). Essentially for the reasons argued by the Plaintiffs, the Defendants have failed to show good cause for the Court to issue the protective order of which they seek *in toto*. Unlike the identifying information sought in *In re Lombardi*, ___ F.3d ___, 2014 WL 288937, *8 (8th Cir. Jan. 24, 2014), the Court finds that the information sought in this case is relevant to the merits of the Plaintiff's claims. Furthermore, the mere potentiality of harassment and adverse consequences is insufficient to overcome the Plaintiffs' need to adequately present their case. However, while the Court finds that this identifying information is relevant and pertinent to the Plaintiffs' claims, the Court also deems it prudent to protect the privacy of the individuals who will be directly and personally involved in the process of carrying out the execution.

Accordingly, the Defendants' Motion (doc. 124) for Protective Order is DENIED in part and GRANTED in part and the Defendants' Sealed Motion (doc. 125) for Leave to File Unredacted Responses to Discovery Requests Under Seal is DENIED.

**IT IS ORDERED** that Defendants provide unredacted responses to the Plaintiffs' interrogatories related to the identifying information of the manufacturer and source of the lethal injection drugs that will be used in the execution, and those involved in supplying and testing these lethal chemicals within 5 days.

**IT IS FURTHER ORDERED** that Defendants provide unredacted responses to the Plaintiffs' interrogatories related to the identifying information of the healthcare professionals who will be personally and directly involved in the process of carrying out the execution within 5 days. Any filing which includes information identifying, or leading to the identification of, those licensed healthcare providers shall be made under seal. Disclosure of the identities of the aforementioned individuals is restricted to the following exclusive list of persons:

a. Plaintiffs, Jessie Hoffman and Christopher Sepulvado, as parties to the above-captioned litigation. Plaintiffs' copy of the information should be retained through their counsel in this case, not on their person, cell, or with anyone else. Plaintiffs are prohibited from disclosing or discussing the information or any other contents thereof with anyone outside of this litigation;

b. Counsel for any party to the above-captioned litigation act actually enrolled in this matter. However, counsel is prohibited from disclosing or discussing the information or any other contents thereof with anyone outside of this litigation, including their other clients, except authorized experts and any other counsel of record in this litigation;

c. Any individual retained by a party as an expert who specifically needs the information to formulate their expert opinion in this litigation. Any such experts shall be bound by the terms of this Protective Order. A copy of this order shall be forwarded to all experts

3

hired by Plaintiffs at the time of the signing of this Order or at the time the expert is retained, whichever occurs first; and

d. The Court and its personnel.

Signed in Baton Rouge, Louisiana, on March 5, 2014.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**