UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESSIE HOFFMAN**<br>　　　*Plaintiff* | :　CIVIL ACTION |
| | : |
| | :　NO. 12-cv-796 |
| **VERSUS** | : |
| | :　JUDGE SHELLY D. DICK |
| **BURL CAIN**, Warden, Louisiana State Penitentiary; **BOBBY JINDAL**, Governor of Louisiana; **JAMES LEBLANC**, Secretary, Louisiana Department of Public Safety and Corrections; **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**; **ANGELA NORWOOD**, Warden, Death Row; and **JOHN DOES**, unknown executioners<br>　　　*Defendants* | :　MAGISTRATE JUDGE<br>　　ERIN WILDER-DOOMES |

## **MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

MAY IT PLEASE THE COURT:

　　Jeff Landry, Attorney General for the State of Louisiana, submits this memorandum in support of his motion to intervene in the defense of this matter on behalf of the State of Louisiana. The Attorney General, as Chief Legal Officer of the State of Louisiana, is empowered under the Louisiana Constitution to intervene in any civil action.[1] In this matter, the Attorney General not only has an interest in seeing that the laws of the State of Louisiana are faithfully executed and defending the constitutionality of the challenged procedures, but he also has an interest in seeing that judgments in cases in which his Office obtained convictions are not obstructed or delayed.[2] For the reasons more fully discussed herein, the Attorney General's motion to intervene should be granted.

---

[1] La. Const. Art. IV, § 8.
[2] *Cf. Va. House of Delegates v. Bethune-Hill*, 139 S.Ct. 1945 (2019)( affirming Attorney General's centralized authority to represent and make certain litigation related decisions for the State).

1

I.      **Statement of the case**

On December 20, 2012, inmate Jessie Hoffman filed a lawsuit alleging that the Department of Corrections regulation concerning the execution of a death sentence violated his rights under the United States Constitution.[3] Sone defendants have been dismissed, the Complaint was amended twice, other plaintiffs have been permitted to intervene, and the Court has issued several stays in the case.[4] The Attorney General enrolled in this matter in February 2013 as counsel for Bobby Jindal, Burl Cain, Angela Norwood, and the State of Louisiana through the Department of Public Safety and Corrections ("the Department") along with other attorneys.[5] However, the current stay was issued by consent of the parties on July 16, 2018, without any consultation with the Attorney General, who opposed further extension of the stay.[6] For that reason, counsel Elizabeth Murrill and David Sanders withdrew from representing the Governor, the Department, and officials of the Department July 17, 2018.[7] The Department has is not in agreement not to extend the stay and has requested that the Attorney General re-enroll in the case. The current stay in the case was set to expire on July 18, 2019, but was temporarily extended to August. 2. A status conference is now scheduled for August 1.[8] The Attorney General now seeks to intervene in his official capacity on behalf of the State and the Department of Justice and is contemporaneously filing a motion to re-enroll as additional counsel for all defendants to carry out his obligations to defend the laws and see that the laws of the State of Louisiana are faithfully enforced and executed.

II.     **Law and argument**

    A. **The standard for intervention of right.**

---

[3] Rec. Doc. 1.
[4] Rec. Doc. 10, 27, 67, 94, 95, 101, 116, 118, 119, 120, 155, 178, 184, 188, 197, 201, 210, 222, 227.
[5] Rec. Doc. 40.
[6] Rec. Doc. 227.
[7] Rec. Doc. 228.
[8] Rec. Doc. 227, 230.

Under Fed. R. Civ. P. Rule 24(a)(2), the Attorney General on behalf of the State of Louisiana should be permitted to intervene as a matter of right in this case. A party is entitled to intervention as a matter of right when: 1) the motion is timely; 2) the intervenor asserts an interest related to the property or transaction that forms the basis of the controversy in the case into which he seeks to intervene; 3) the outcome of the case may impair or impede his ability to protect that interest; and 4) it is not adequately represented by the existing parties.[9] In general, intervention is proper "where no one would be hurt and the greater justice could be attained."[10]

### 1. Timeliness weighs in favor of intervention.

In deciding whether the intervention is timely, courts look at four factors: 1) how long the putative intervenor knew, or reasonably should have known, of his stake in the action; 2) any prejudice the existing parties may suffer because of delay; 3) any prejudice the putative intervenor may suffer if intervention is denied; and 4) any unusual circumstances weighing in favor of, or against, finding timeliness.[11] "These factors are "not a formula for determining timeliness"; instead, timeliness should be determined based on all the circumstances."[12] The timeliness factor is not to be used as a tool of punishment, but rather as a guard against prejudicing the original parties.[13] "[A]bsolute measures of timeliness should be ignored."[14] In particular, when examining this factor, *inter alia*, courts should not look at "the amount of time that may have elapsed since the institution of the action."[15]

---

[9] *Doe v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001).
[10] *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (internal quotation omitted).
[11] *Warren v. Geller*, 2013 U.S. Dist. LEXIS 50856, at *22-29 (E.D. La. Apr. 9, 2013)(citing *Glickman*, 256 F.3d at 375-76).
[12] *Id.* (citing *Glickman*, 256 F.3d at 376; *Banco De Credito Industrial, S.A. v. Tesoreria General*, 990 F.2d 827, 832 (5th Cir. 1993)(timeliness is flexible, based on specific facts and circumstances, and measured by "practical rather than technical yardstick")).
[13] *Espy*, 18 F.3d at 1205.
[14] *Id.*
[15] *Glickman*, 256 F.3d at 375 (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257, 266 (5th Cir. 1977)).

### 2. Length of time intervenor knew or should have known.

Attorney General Jeff Landry was enrolled counsel on behalf of the Defendants in early 2016. The Attorney General, on behalf of the Defendants, did not oppose extending the stay to permit adequate time for a full review of the matter at the time both the Attorney General and Governor were changing. Last year, however, legal counsel for the Department agreed to extend the stay (without notice to the Attorney General's enrolled counsel). During the pendency of the stay, it was not necessary for the Attorney General to intervene on behalf of the State as no action was occurring in the case. Now that the stay is expiring and a status conference is scheduled to consider further extensions, it is necessary for the Attorney General. The Department has no objection and agrees that current State defendants do not adequately represent all the interests of the State in defending this matter.

Thus, in reviewing the timeliness of this motion, it is not the original date suit was filed that is the operative period; rather it is the current activity (or lack thereof) in defense of the case. Accordingly, the Attorney General's motion should be considered timely and he should be permitted to intervene.

### 3. Existing parties will suffer no prejudice due to delay.

This case was filed in 2012.[16] Some discovery has been conducted, but no dispositive pleadings have been filed.[17] There are currently no deadlines in this case; all proceedings have been stayed on several occasions and are currently stayed.[18]

Moreover, new Plaintiffs have been permitted to intervene in the case with regularity; the most recent one being permitted to intervene a little more than a year ago, almost six years after

---

[16] Rec. Doc. 1.
[17] *See* Rec. Doc. 1 – 229.
[18] Rec. Doc. 184, 188, 197, 227.

the lawsuit was initially filed.[19] With the stay in the case, all the initial deadlines have been upset.[20] With the addition of multiple Plaintiffs in this matter, there is a need for a new scheduling order. Because there are already new parties to this lawsuit for whom no discovery has been conducted and pretrial deadlines will have to be reset, the addition of Attorney General Landry to defend the State's interests will not unduly delay the case. On the contrary, Attorney General Landry's participation is intended to revive proceedings and move the matter toward a timely resolution. As such, the parties will not suffer any prejudice if the Attorney General is allowed to intervene.

### 4. The Attorney General and the State of Louisiana will be prejudiced if the Attorney General is not permitted to intervene.

The Louisiana Constitution designates the Attorney General as the Chief Legal Officer of the State.[21] Pursuant to this provision, "[a]s necessary for the assertion or protection of an right or interest of the state, the attorney general shall have the authority (1) to institute, prosecute, or intervene in any civil action or proceeding….'[22] Additionally, Louisiana law requires that notice be given to the Attorney General prior to the adjudication of the constitutionality of any statute.[23] Thus, the State's Constitution sets forth a clear mandate that the Attorney General be permitted to intervene. In this matter, the Attorney General asserts that the necessity to intervene has arisen subsequent to the filing of the lawsuit because state interests are not fully represented by the current representation of the existing state defendants. The motion to intervene is timely brought in response to this concern. In a matter of such serious public concern, and considering the State

---

[19] Rec. Doc. 26, 120, 201, 210, 222.
[20] Rec. Doc. 227.
[21] La. Const. art. IV, Section 8.
[22] *Id.*
[23] La. R.S. 13:4448.

Constitution's unambiguous statement of the Attorney General's lawful authority, any doubt as to timeliness of the motion to intervene should be resolved in favor of permitting the intervention.[24]

### i. The Attorney General has an interest in the subject matter of the lawsuit.

The requirement that the intervenor have an interest in the lawsuit requires that the putative intervenor's interest be "direct, substantial, and legally protectable."[25] The "interest must be one which the substantive law recognizes as belonging to or being owned by the applicant."[26] The potential intervenor should be the real party in interest concerning his claim.[27] Clearly the State is the real party in interest as it is the State's death penalty protocol and procedures that have been challenged. The challenge seeks to delay and/or wholly prevent the State from carrying out lawful and valid sentences issued by State courts.

As set forth above, the Louisiana Constitution establishes the Attorney General as *the* primary State elected official constitutionally-empowered to assert or protect any right or interest of the State.[28] There is no real dispute that the *State* is the real party in interest or that the objective of the Plaintiffs is to prevent the State from carrying out lawful orders of execution. The Department of Corrections has no discretion regarding the *lawfulness* of the penalty or in *whether* to enforce it.[29]

The motion to intervene in this case is grounded in the protection of State interests *at large*, the Attorney General's constitutional authority to represent them, and the Attorney General's

---

[24] *Cf. Va. House of Delegates v. Bethune-Hill*, 139 S.Ct. 1945 (2019).
[25] *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994)(internal citations omitted).
[26] *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004)(citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) (en banc)).
[27] *Id.*
[28] La. Const. art. IV, §8.
[29] *C.f., Wood v. Collier,* 16-20556 (5th Cir. 2016)(describing an Eighth Amendment challenge to Texas' use of pentobarbital as "the latest in a series of cases targeting capital punishment" and citing *Jordan v. Fisher*, 823 F.3d 805 (5th Cir. 2016)(a case in which a group of death row inmates in Mississippi challenged their state's use of pentobarbital as the first drug in the "so-called 'three-drug cocktail'")).

specific interests in seeing that final convictions and State court orders arising from cases are carried out without unnecessary delay or interference by the federal courts. The current defendants may or may not intend to agree to another stay; in any event, they represent only the interests of the Department alone or the policy interests of the Office of the Governor.[30] Attorney General Landry asserts that their actions do not properly represent the interests of the State and have not adequately defended the State against the allegations in the action. The *State* has an overriding interest in seeing that final, valid convictions and death sentences are carried out, not perpetually delayed by consent of the parties to a federal court-ordered stay.

### ii.    The disposition may impair the Attorney General's ability to protect that interest.

The State has an interest in ensuring that its laws are faithfully carried out and in advancing the orderly administration of justice. The outcome of this matter has the potential to adversely impact both of those vital public concerns. Indeed, further delay in this matter is actively interfering with the administration of justice, as determined by the courts of this State. Victims of heinous crimes wait years for the post-conviction review process to be exhausted and to see justice for their loved ones carried out. But the continuous delays in this matter are preventing them from seeing justice carried out. Jessie Hoffman, Christopher Supulvado, Todd Wessinger, in particular, have exhausted federal habeas proceedings and are eligible to have their death sentences to be carried out. Whether the Department has drugs available to carry out the sentences is not a reason to continue to concede to delays in this case and only further inhibits justice from being done. Since the Attorney General is the official constitutionally charged with protecting those interests, there can be no valid reason to deny his participation in the defense of the claims in this case.

### iii.    The interest is not adequately represented.

---

[30] Rec. Doc. 178, 184, 188, 197, 227.

The last factor considered is whether or not the interest is adequately represented.[31] The putative intervenor's burden in meeting this factor is minimal; the potential intervenor only needs to show that "representation by the existing parties may be inadequate."[32] "'[W]hen the party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance.'"[33] The Department and the State as a whole have different interests.

The Attorney General is concerned with seeing the lawsuit come to a timely resolution. The Attorney General will oppose another stay of the proceedings. The Department and the Governor also may decide not to consent to further stays in this matter, but that action would not render the intervention of the Attorney General unnecessary or unwarranted as he has already demonstrated his interests are broader than those of the current Defendants.

---

[31] *Ross v. Marshall*, 426 F.3d 745, 761 (5th Cir. 2005) (citing *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 425 (5th Cir. 2002)).
[32] *Id.*
[33] *Haspel & Davis Milling & Planting Co. Ltd. v. Bd. Of Levee Comm'rs of the Orleans Levee Dis. and St. of La.*, 493 F.3d 570, 578-79 (5th Cir. 2007) (quoting *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987).

**Conclusion**

For the foregoing reasons, the Attorney General should be permitted to intervene in this lawsuit.

Respectfully submitted,
JEFF LANDRY
ATTORNEY GENERAL

BY: /s/ *Elizabeth B. Murrill*
Elizabeth Baker Murrill (La. Bar #20685)
*Solicitor General*
J. Scott St. John (La. Bar #36682)
*Deputy Solicitor General*
LOUISIANA DEPARTMENT OF JUSTICE
1885 North Third Street
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone No. 225-326-6766
Facsimile No. 225-326-6793
E-Mail Address: murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

**CERTIFICATE OF SERVICE**

**I CERTIFY** I have served the foregoing was filed electronically and served on counsel for the parties by electronic notification by CM/ECF on July 31, 2019.

/s/ *Elizabeth B. Murrill*
Elizabeth Baker Murrill

9