IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JESSIE HOFFMAN and<br>CHRISTOPHER SEPULVADO<br>*Plaintiffs*<br><br>v.<br><br>BOBBY JINDAL, Governor of Louisiana;<br>BURL CAIN, Warden, Louisiana State<br>Penitentiary; JAMES LEBLANC, Secretary,<br>Louisiana Department of Public Safety and<br>Corrections; LOUISIANA DEPARTMENT OF<br>PUBLIC SAFETY AND CORRECTIONS;<br>ANGELA NORWOOD, Warden, Death Row;<br>and JOHN DOES, unknown executioners,<br>*Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br><br>NO. 3:12-cv-00796<br><br>JUDGE SHELLY DICK<br><br>MAGISTRATE JUDGE<br>ERIN WILDER-DOOMES |

## **MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

COME NOW Anthony Bell, Jason Reeves, Willie Tart, Allen Robertson, Dustin Dressner, and Henri Broadway, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 24, who move this Court to grant them permission to intervene as plaintiffs in the above lawsuit. In support of this motion, Messrs. Bell, Reeves, Tart, Robertson, Dressner, and Broadway state:

Plaintiff Jessie Hoffman filed this case against the above-named defendants on December 20, 2012. The complaint seeks declaratory and injunctive relief pursuant to 42 U.S.C. §1983. Mr. Hoffman has requested this Court grant him a permanent injunction barring defendants from executing him through unconstitutional means to prevent defendants from violating his federal constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution.

Mr. Hoffman has also requested that this Court grant him declaratory relief by issuing an order that the Eighth and Fourteenth Amendments prohibit the Louisiana Department of Corrections ("DOC") from carrying out an execution without first promulgating a viable protocol and then providing Mr. Hoffman with a certified copy of said protocol with sufficient time for review before any scheduled execution date. Mr. Hoffman has requested further declaratory relief from this Court in the form of an order stating that it violates the Eighth and Fourteenth Amendments for the DOC to execute him pursuant to its current purported protocol.

Messrs. Bell, Reeves, Tart, Robertson, Dressner, and Broadway are entitled to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a) because: (1) this application is timely; (2) Messrs. Bell, Reeves, Tart, Robertson, Dressner, and Broadway "claim[] an interest relating to the . . . transaction which is the subject of the action;" (3) Messrs. Bell, Reeves, Tart, Robertson, Dressner, and Broadway are "so situated that the disposition of the action may as a practical matter impair or impede [their] ability to protect that interest" and (4) Messrs. Bell, Reeves, Tart, Robertson, Dressner, and Broadway's interests will not be adequately represented by existing parties. Fed. R. Civ. P. 24(a).

Messrs. Bell, Reeves, Tart, Robertson, Dressner, and Broadway are also entitled to intervene pursuant to Fed. R. Civ. P. 24(b) because: (1) this application is timely; (2) Messrs. Bell, Reeves, Tart, Robertson, Dressner, and Broadway's "claim . . . and the main action have a question of law [and] fact in common;" and (3) Messrs. Bell, Reeves, Tart, Robertson, Dressner, and Broadway's intervention in this action will not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).

This matter is currently stayed until at least the resolution of Attorney General Jeff Landry's Motion to Intervene. Rec. Doc. 236.

The questions of fact and law in this case are identical to the questions of fact and law in Mr. Hoffman's case. Permitting Messrs. Bell, Reeves, Tart, Robertson, Dressner, and Broadway to intervene in this case, rather than requiring them to file a separate action alleging the same cause of action, will promote judicial economy. Counsel for Messrs. Bell, Reeves, Tart, Robertson, Dressner, and Broadway have conferred with counsel for Mr. Hoffman, who has no objection to Messrs. Bell, Reeves, Tart, Robertson, Dressner, and Broadway's intervention in this case.

WHEREFORE, Messrs. Bell, Reeves, Tart, Robertson, Dressner, and Broadway respectfully request that this Court enter an Order granting his Motion to Intervene, and for such further relief as the Court deems appropriate.

/s/ Mercedes Montagnes

Cecelia Trenticosta Kappel (La. Bar No. 32736)
Mercedes Montagnes (La. Bar No. 33287)
The Promise of Justice Initiative
1024 Elysian Fields Ave.
New Orleans, LA 70117
Tel. (504) 529-5955
Fax (504) 595-8006
Email: mmercedes@defendla.org
ckappel@defendla.org

*Counsel for Anthony Bell, Jason Reeves, Willie Tart, Allen Robertson, Dustin Dressner, and Henri Broadway*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and forgoing was filed electronically with the Clerk of Court using CM/ECF on this day September 30, 2019. Notice of this filing as generated by the electronic filing system constitutes service of the filed document on counsel for the Defendants.

/s Mercedes Montagnes
Mercedes Montagnes