# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JESSIE HOFFMAN,** *et al*, | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 12-796-SDD-EWD** |
| | ) | |
| **BOBBY JINDAL, Governor of** | ) | |
| **Louisiana,** *et al.*, | ) | |
| **Defendants** | ) | |
| | ) | |

## STATUS REPORT

**A.     JURISDICTION**

Plaintiffs Jessie Hoffman, Christopher Sepulvado, Todd Wessinger, Daniel Irish, Shedran Williams, Jarrell Neal, Daniel Blank, James Tyler, Jason Reeves, Anthony Bell, Dustin Dressner, Willie Tart, Allen Robertson, Henri Broadway, Bobby Lee Hampton, Nathaniel Code, and Kevan Brumfield[1] have asserted violations of their rights under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. This Court therefore has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 & 1343.

---

[1] Intervenor Plaintiff Kevan Brumfield motioned to intervene in this case on January 10, 2014 [Rec. Doc. 101], and was granted leave to do so on February 10, 2014 [Rec. Doc. 120]. He is no longer facing a death sentence but Plaintiffs' understanding is that he remains a party until a motion to dismiss is filed.

**B.    BRIEF EXPLANATION OF THE CASE**

1.    Plaintiffs' claims:

Plaintiffs are inmates under sentences of death at Louisiana State Penitentiary at Angola. They brought or have intervened in this suit pursuant to 42 U.S.C. § 1983 for continuing and threatened violations of their rights under the First, Sixth, Eighth, and Fourteenth Amendments. Specifically, they allege that the State of Louisiana's current execution protocol does not adequately protect them from cruel and unusual punishment due to the insufficient training, expertise, and supervision of those involved in the administration of the lethal drug(s), as well as the arbitrary and haphazard implementation of the protocol. Plaintiffs are also at substantial risk of suffering a lingering or unnecessarily painful death due to the nature of the drug(s). Defendants have also engaged in a pattern of revising the execution protocol immediately before a scheduled execution date, which, coupled with Defendants' refusal to provide access to the protocols, imposes essentially a separate execution protocol for each individual inmate, in violation of equal protection of the law. Plaintiffs additionally assert that the execution protocol's secrecy provisions violate their rights to counsel and access to the courts and access to government proceedings under the Fourteenth, Sixth, and First Amendments. Plaintiffs allege that each defendant is responsible for ensuring that executions are carried out in a constitutional fashion and seeks declaratory and injunctive relief finding that the current execution protocol is unconstitutional and enjoining the Defendants from putting executing them, as well as damages.

2.    Defendants' claims:

Plaintiffs have failed to state a claim as to any alleged violations of their rights under the First, Sixth, Eighth, and Fourteenth Amendments. With respect to the Fourteenth Amendment, this

Court previously dismissed Plaintiffs' claim that they have a due process right to evaluate and challenge the execution protocol. [*See* Rec. Doc. 99.] Meanwhile, Plaintiffs have failed to assert any violations of their Eighth Amendment rights by not pleading a feasible and readily implemented alternative method of execution that would significantly reduce a substantial risk of severe pain, as required by the U.S. Supreme Court. They have also failed to assert a viable access to the courts claim nor do they have standing to champion the public's right to view executions.

Defendants presently have no drugs available for lethal injection nor do they have the ability to procure drugs in the foreseeable future. Therefore, they would not have the ability to execute Plaintiffs even should a death warrant be issued in the foreseeable future. Accordingly, as Defendants do not have the ability to implement an execution, Plaintiffs have no standing in this matter.

Finally, Plaintiffs have no plausible claims for damages. Their claims for mental and emotional damages were previously stricken for failure to allege a physical injury. Thereafter, they were instructed by this Court to state plainly their basis for claiming their remaining damages, which they failed to do. Furthermore, Plaintiffs' claims for damages against Secretary James M. LeBlanc, Warden Timothy Hooper, and Assistant Warden John Tubbs[2] in their official capacities are precluded by the Eleventh Amendment, and their damage claims against any Defendants in their individual capacities are barred by qualified immunity.

---

[2] Warden Darrell Vannoy and Assistant Warden Chad Oubre retired earlier this year; therefore, their successors in office are now automatically substituted as Defendants in this lawsuit. *See* FRCP 25(d).

C.     **PENDING MOTIONS**

    List any pending motion(s), the date filed, and the basis of the motion(s):

    On January 28, 2014, Plaintiffs filed a Motion for Sanctions [Rec. Doc. 108] pursuant to Fed. R. Civ. P. 37 for Defendants' failure to comply with the Court's order [Rec. Doc. 102] to produce supplemental, substantive answers to Plaintiffs' interrogatories and to produce documents responsive to Plaintiffs' requests. Plaintiffs filed a Supplemental Memorandum in Support on January 30, 2014 [Rec. Doc. 112]. Defendants filed opposition briefs on February 3, 2014 [Rec. Docs. 114, 115, 117]. Plaintiffs filed a reply brief on February 21, 2014 [Rec. Doc. 131]. Plaintiffs filed a Second Supplemental Memorandum in Support on February 25, 2014 [Rec. Doc. 137] and a Third Supplemental Memorandum in Support on March 12, 2014 [Rec. Doc. 154]. On August 1, 2016, the Court terminated the motion in light of the consent order staying proceedings and gave Plaintiffs leave to request that the motions be considered without additional briefing if and when the stay is lifted [Rec. Doc. 205]. Plaintiffs intend to do so.

    On April 14, 2014, Plaintiffs filed a Second Motion to Compel Discovery related to the execution of Plaintiff Christopher Sepulvado [Rec. Doc. 166]. Specifically, counsel requested to be allowed to inspect, sample, and test the lethal substance(s) named in the state's lethal injection protocol, and for documentation reflecting any attempt by the DOC to acquire any supplies related to lethal injection. Defendants Burl Cain, James M. LeBlanc, and Angela Norwood filed an opposition brief on May 5, 2014 [Rec. Doc. 172]. On August 1, 2016, the Court terminated the motion in light of the consent order staying proceedings and gave Plaintiffs leave to request that the motions be considered without additional briefing if and when the stay is lifted [Rec. Doc. 205].

D.    **ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

1. Issues identified by Plaintiffs:

- Whether executing Plaintiffs, whether performed pursuant to the latest protocol which would require the use of expired and/or illegally-obtained drugs, or performed pursuant to a newly amended protocol with insufficient time for review and evaluation, violates their right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments.

- Whether, due to the unavailability of drug(s) identified in the Department's last-disclosed execution protocol, there is a substantial risk that this drug will be changed at the last minute or illegally compounded in violation of Louisiana Administrative Code §§ 46:LIII.2303, 2305, 2535, and additionally subject Plaintiffs to a substantial risk of serious harm.

- Whether Defendants are in violation of the federal Controlled Substances Act 21 U.S.C. §§ 353(b), 829(a), 841(a)(1), and 843(a); 21 C.F.R. § 1306.04(a), by dispensing a Schedule II Controlled Dangerous Substance not in the course of professional practice and not for a legitimate medical purpose.

- Whether Defendants' material deviations from their written execution protocol and the carrying out of that protocol in a non-uniform way create a substantial risk of harm due to the lack of safeguards, and furthermore subject Plaintiffs and other

5

similarly situated inmates to differential treatment, in violation of the Eighth and Fourteenth Amendments.

- Whether Defendants' last-minute changes to execution protocols, as well as core deviations from the written protocol, put Plaintiffs at a substantial risk of a violation of the *Ex Post Facto* clause, Article I, § 10 of the Constitution, because the Defendants may change the method of execution to a manner that is more painful or protracted than the method in effect at the time they were originally sentenced.

- Whether the Constitution prohibits Defendants from carrying out an execution without promulgating a protocol that has been found constitutional by this Court, abiding to such protocol when an execution takes place, and notifying Plaintiffs in a timely manner in the event that the execution protocol is revised.

- Whether Defendants' lack of transparency regarding their execution protocol violates their First Amendment right of access to government proceedings and prevents them from determining that the Defendants are capable of carrying out death sentences in a lawful manner.

- Whether the secrecy of the execution protocol violates the Eighth Amendment's Cruel and Unusual Punishment Clause, as the evolving standards of decency standard requires that a court look to objective indicia that reflect the public attitude toward a given sanction and the public is deprived of knowledge regarding Louisiana's executions.

- Whether Defendants executing Plaintiffs without providing them with access to counsel in the execution chamber until the time they are pronounced dead is a

violation of Plaintiffs' right to access counsel and the courts under the First, Sixth and Fourteenth Amendments.

2. Issues identified by Defendants:

- Whether Plaintiffs have standing to assert a method of execution claim against Defendants when there are presently no drugs available for lethal injection nor will any drugs be available in the foreseeable future.

- Whether Plaintiffs have asserted any viable claims under the Eighth Amendment when they have failed to plead a feasible and readily implemented alternative method of execution that would significantly reduce a substantial risk of severe pain.

- Whether Plaintiffs have asserted any viable claims under the Eighth Amendment when they have raised only hypothetical matters that do not demonstrate a substantial risk of severe pain.

- Whether Plaintiffs have asserted any viable due process claims for this Court to consider given that Plaintiffs' due process claim for timely notice of any change to the lethal injection protocol was previously dismissed by this Court in its January 10, 2014 ruling [*See* Rec. Doc. 99].

- Whether Plaintiffs have a private cause of action against Defendants based upon alleged violations of the federal Controlled Substances Act.

- Whether Plaintiffs have standing to raise a potential 1st Amendment violation relating to the public's access to view executions.

- Whether Plaintiffs have asserted a viable claim regarding the denial of access to the courts and counsel in the execution chamber.

## E. DAMAGES

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. Plaintiff's calculation of damages:

In addition to declaratory and injunctive relief, Plaintiffs are seeking punitive damages, presumed and nominal damages in the maximum amounts allowed by law, and attorney's fees and costs [Rec. Doc. 118]. Plaintiffs are not seeking damages for mental and emotional damages per the Court's previous order. They intend to present evidence to the trier of fact to allow it to determine the appropriate award of damages. Plaintiffs reserve the right to amend and/or modify the damages computation as further investigation is conducted and information is learned. Plaintiffs will brief the issues raised by Defendants if and when a motion to strike is filed.

2. Defendant's calculation of offset and/or plaintiff's damages:

Plaintiffs, Jessie Hoffman and Christopher Sepulvado, previously asserted damage claims seeking "a. [c]ompensatory damages for past physical pain and suffering and past mental anguish; b. [p]unitive damages; [and] c. [p]resumed and nominal damages in the maximum amounts allowed by law." [Rec. Docs. 1 and 47]. In this Court's Ruling on Defendants' Motion to Dismiss [Rec. Doc. 59], Plaintiffs' damage claims for mental and emotional damages were stricken for failure to allege a physical injury. *Id*., p. 14. In their Amended Complaint, Plaintiffs again raised damage claims but dropped their claim for compensatory damages. [Rec. Doc. 67]. In their Motion to Dismiss the Amended Complaint, Defendants asserted qualified immunity; however, this Court,

in its January 10, 2014 ruling, did not address this defense, in part, because "it [was] unclear upon which claims Plaintiffs [were] seeking damages." *Id*., at p. 13. Plaintiffs were therefore "instructed to file an amendment to the complaint within 7 days making plain the basis for their claim for damages." *Id*., at p. 14. While Plaintiffs did eventually file their Second Amended Complaint on February 3, 2014 [Rec. Doc. 118], they merely reasserted the same damage claims as stated in their Amended Complaint without adhering to this Court's instruction to make plain their basis for asserting their damage claims. *Id*., p. 29.  Intervenors' Complaints filed in this matter also do not set forth a basis for Plaintiffs' damage claims.

Plaintiffs' counsel recently confirmed they are still pursuing their damage claims, even though they have yet to comply with this Court's order of January 10, 2014. Accordingly, Defendants intend to file a motion to strike Plaintiffs' damage claims for failing to comply with this Court's prior order. Should Plaintiffs be permitted to maintain their damage claims, Defendants shall continue to assert that all such claims are barred by the Eleventh Amendment and qualified immunity.

3.    Counterclaimant/cross claimant/third party's calculation of damages: N/A

**F.    SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue: The parties have not identified any issues with service, personal jurisdiction, or venue.

## G.    DISCOVERY

1.    Initial Disclosures:

   A.    Have the initial disclosures required under FRCP 26(a)(1) been completed?

   [ ] YES [X] NO

   Plaintiffs have completed initial disclosures for Plaintiff Jessie Hoffman.

   In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

   B.    Do any parties object to initial disclosures?

   [ ] YES [X] NO

   For any party who answered *yes*, please explain your reasons for objecting.

   Plaintiffs do not object.  Defendants also do not object.

2.    Briefly describe any discovery that has been completed or is in progress:

   By plaintiff(s):

   - Plaintiff Jessie Hoffman served a First Set of Requests for Production and a First Set of Interrogatories on August 1, 2013. Defendants provided responses, disclosures, and objections on October 1, 2013, which led Plaintiffs to file a Motion to Compel on October 21, 2013 [Rec. Doc. 76]. The Court granted the Motion to Compel and ordered Defendants to supplement the first discovery requests on January 13, 2014 [Rec. Doc. 102]. In that order, the Court specifically held that the

defendants had waived the attorney-client privilege and work product protection.[3] After reviewing the supplemental production made by the Defendants. Plaintiffs filed a Motion for Sanctions and a Second Motion to Compel on January 28, 2014 [Rec. Docs 108 & 110]. As noted above, Plaintiffs plan to re-urge the motion if and when the stay is lifted. Defendants supplemented their responses on February 1, 2014, February 19, 2014, and February 21, 2014, but they have yet to fully comply with the Court's order compelling production, as described in Plaintiffs' Reply Memorandum [Rec. Doc. 131] and Second Supplemental Memorandum in Support of their Motion for Sanctions [Rec. Doc. 137]. After a status conference on March 6, 2014, during which defense counsel made statements indicating Defendants had no intention of complying with their discovery obligations or this Court's orders, Plaintiffs filed a Third Supplemental Memorandum in Support of their Motion for Sanctions [Rec. Doc. 154].

---

[3] In particular, Judge Riedlinger wrote:

> Defendants' blanket assertion of the attorney-client privilege and work product protection is unsupported. In the circumstances of this case, that failure constitutes a waiver of the privilege and protection. This determination is supported by the fact that the defendants made no effort at all to support their assertion of privilege/protection in the manner required by Rule 26(a)(5)(A), and even asserted that the rule does not apply to information responsive to an interrogatory when the language of the rule makes it abundantly clear that it does, and there is no obvious alternative source for the information/documents.

[Rec. Doc. 102 at p. 3]

- Plaintiff Christopher Sepulvado served a First Set of Interrogatories on September 20, 2013. Defendants responded primarily with objections on September 30, 2013.

- Plaintiff Christopher Sepulvado served a Second Set of Interrogatories and Requests for Production on January 7, 2014, and requested that responses be expedited due to his pending execution date. Defendants responded to the interrogatories on January 24, 2014 and the requests for production on February 1, 2014. Plaintiffs filed a Motion to Compel on April 14, 2014 [Rec. Doc. 166] and plan to re-urge if and when the stay is lifted.

- Plaintiff Christopher Sepulvado served a Third Set of Requests for Production on February 28, 2014.

- On April 11, 2014, Plaintiffs took the depositions of Seth Smith, Angela Whittaker and Ronald McAndrew. On April 15, 2014, Plaintiffs took the deposition of Dr. Raman Singh. On April 16, 2014, Plaintiffs took the deposition of Richard Peabody. On April 17, 2014, Plaintiffs took the deposition of Dr. Jason Collins. On April 21, 2014, Plaintiffs took the deposition of Darren Cashio. On May 7, 2014, Plaintiffs took the depositions of Jonathan Travis and Mary Labatut.

- All proceedings were stayed by mutual request of the parties as of May 7, 2014. Due to the passage of time, the intervention of 12 additional Plaintiffs (plus three from before the stay), and the fact that the

12

Defendants have not complied with this Court's prior orders, significant supplemental discovery will be required if and when the stay is lifted.

By defendant(s):

- Defendants served a First Set of Interrogatories, Requests for Production, and Requests for Admission to Jessie Hoffman in October 2013. Plaintiff responded mostly with objections.

- Defendants served a First Set of Interrogatories, Requests for Production, and Requests for Admission to Christopher Sepulvado in October 2013. Plaintiff responded mostly with objections. Defendants served a Second Set of Requests for Production and Requests for Admissions to Christopher Sepulvado on March 1, 2014. Plaintiff responded via email on March 17, 2014.

- Defendants previously took the deposition of Christopher Sepulvado and Plaintiffs' Experts, Larry Sasich and Ronald McAndrew. Defendants were to take the deposition of Plaintiffs' Expert, Dr. Mark Heath, on May 10, 2014; however, this did not occur due to the stay.

- Defendants assert that they have complied with this Court's prior orders. Discovery was never completed in this matter in 2014 due to the stay. Supplemental discovery will be necessary due to the passage of time and because some of the officials and employees previously deposed are no longer employed with the Louisiana Department of Public Safety and Corrections or are no longer in the positions they were previously.

13

- Defendants will continue to oppose Plaintiffs' Motion for Sanctions and Second Motion to Compel. Also, the Second Motion to Compel is moot inasmuch as it seeks to test the drugs intended for lethal injection, which have since expired and Defendants admit to not having any supply available.

- Defendants already provided any responsive documents to Plaintiffs with respect to which they contend the attorney-client privilege and/or work product protection were previously waived.

- Plaintiffs' allegation that defense counsel made statements indicating Defendants had no intention of complying with their discovery obligations or this Court's orders is denied. Defendants maintain that they have complied with their discovery obligations and this Court's prior orders.

3.    Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

Plaintiffs have ongoing criminal and post-conviction proceedings against the State of Louisiana. To the extent that the Defendants seek production or disclosure of material related to that ongoing litigation that is protected by the attorney-client privilege, the work-product doctrine, or any similar privilege or doctrine, Plaintiffs will object.

14

Defendants' request for a protective order was denied by the Court on June 17, 2013 [Rec. Doc. 62].

Defendants also sought a protective order on February 14, 2014, seeking to prevent disclosure of information relating to the identities of the manufacturer and source of the lethal injection drugs, those involved in the supplying/testing of the drugs, and any licensed health care professionals involved in executions. [Rec. Doc. 124]. On March 5, 2014, this Court denied the motion in part and granted it in part, prohibiting Plaintiffs' counsel from sharing identifying information with anyone outside this litigation. *Id*. On March 10, 2014, Defendants filed a Petition for Immediate Writ of Prohibition and Mandamus with the 5th Circuit Court of Appeal. While the request for writs was pending, this Court amended its prior order on March 12, 2014, restricting disclosure of the requested information to "Plaintiff, Christopher Sepulvado, Plaintiff's counsel, Plaintiff's experts, and Court personnel." [Rec. Doc. 153].

On March 27, 2014, the 5th Circuit denied writs, stating that "the district court directed [Defendants] to turn over the requested information, but prohibited any party from receiving or sharing the information other than Sepulvado, his counsel, his approved experts, and court personnel." [Rec. Doc. 161]. On May 7, 2014, this Court issued an order expanding the limited disclosure to include Jessie Hoffman, as well as his counsel and experts. [Doc. 175]. Defendants maintain that the limited disclosure and prohibition concerning this information is still in effect at this time and applies to the other Plaintiffs in this matter.

4.   Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s):

i.      Pharmacology

ii.     Phlebotomy

iii.    Anesthesiology

iv.     EMT training

iv.     Corrections best practices

By defendant(s):

i.      Pharmacology

ii.     Neuropharmacology

iii.    Anesthesiology

## H.     PROPOSED SCHEDULING ORDER[4]

1.      If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: N/A

2.      Recommended deadlines to join other parties or to amend the pleadings: December 17, 2021.[5] [However, it is imperative to Plaintiffs that the right of other similarly situated individuals to join the case as their claims become ripe be preserved.]

3.      Filing all discovery motions and completing all discovery except experts: July 15, 2022.

---

[4] The proposed scheduling order must include actual calendar dates rather than time periods that require calculation (e.g. March 21, 2017 not 90 days before pretrial conference).
[5] Any proposed amended pleading shall be comprehensive and include all relevant allegations as revised, supplemented or amended such that it will become the operative pleading without reference to any other document in the record. Any amendment sought under Fed.R.Civ.P. 15(a)(2) requires leave of court whether or not the opposing party consents even if filed before this deadline, however the movant shall advise whether the opposing party consents. See LR 7(e).

4.  Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

    Plaintiff(s): September 15, 2022.

    Defendant(s): September 30, 2022.

5.  Exchange of expert reports:

    Plaintiff(s): January 9, 2023.

    Defendant(s): January 23, 2023.

6.  Completion of discovery from experts: March 1, 2023.

7.  Filing dispositive motions and Daubert motions: June 1, 2023.

8.  All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[6] The parties should not provide any proposed dates for these remaining deadlines.

    a.  Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

    b.  Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

    c.  Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).

---

[6] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under paragraph numbers 7 or 8 must be by motion directed to the presiding judge.

    d.      Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

    e.      Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

    f.      Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

    g.      Trial date (approximately 27-29 weeks after dispositive motion deadline).

9.      If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

## I.    TRIAL

1. Has a demand for trial by jury been made?

        [X] YES [ ] NO

2.      Estimate the number of days that trial will require.

      Plaintiffs estimate trial will take at least fifteen (15) days.

      Defendants agree that 15 days may be necessary should this proceed as a jury trial. If the claims for damages are dismissed prior to trial, then Defendants maintain there would be no right to a jury concerning Plaintiffs' requests for declaratory and injunctive relief. In that case, 10 days may be sufficient for a bench trial.

## J.    OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

        [X] YES [ ] NO

           i.       If the answer is *yes*, please explain:

Plaintiffs' counsel plan to inquire at the scheduling conference whether a stay is currently in place, and if not, whether the Court will impose a stay of executions concerning Plaintiffs while this litigation is pending. Defendants do not agree that a stay of executions should be imposed and plan to oppose any such request.

           ii.      If the answer is *no*, do the parties want the court to cancel the scheduling

conference and to enter a scheduling order based on the deadlines set out

in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED**

**JOINT PROPOSED DEADLINES.**

[ ] YES [ ] NO

## K. SETTLEMENT

1.     Please set forth what efforts, if any, the parties have made to settle this case to date.

       Parties have not had formal settlement conversations since the stay went into place in 2014, however they have agreed each year since then to keep the stay in place and continue the evidentiary hearing for Christopher Sepulvado's Motion for Preliminary Injunction that was originally scheduled for June 16, 2014.

2.     Do the parties wish to have a settlement conference:

[ ] YES [X] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most

beneficial?

## L.     CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE

You have the right to waive your right to proceed before a United States District Judge

and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated:

/s/ Mercedes Montagnes
Cecelia Trenticosta Kappel (La. Bar No. 32736)
Mercedes Montagnes (La. Bar No. 33287)
The Promise of Justice Initiative
1024 Elysian Fields Ave.
New Orleans, LA 70117
Tel. (504) 529-5955
Fax (504) 595-8006
Email: mmercedes@defendla.org
      ckappel@defendla.org

*Attorneys for all Plaintiffs*

/s/ Michael D. Rubenstein
Michael D. Rubenstein (La. Bar. No. 22860)
LISKOW & LEWIS
1001 Fannin Street, Suite 1800
Houston, TX 77002
Tel. (713) 651-2953
Fax (713) 651-2952
Email: mdrubenstein@liskow.com

*Attorney for Jessie Hoffman*

20

/s/ Jeffrey K. Cody

Jeffrey K. Cody (La. Bar # 28536)
**SHOWS, CALI & WALSH, L.L.P.**
628 St. Louis Street (70802)
P.O. Drawer (4425
Baton Rouge, Louisiana 70821
Telephone:(225) 346-1461
Facsimile: (225) 346-1467
Email: jeffreyc@scwllp.com

/s/ Elizabeth Murrill

Elizabeth Murrill (La. Bar Roll No. 20685)
*Solicitor General*
Louisiana Department of Justice
1885 North 3rd Street
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6200
Facsimile: (225) 326-6297
Email: MurrillE@ag.louisiana.gov

/s/ Jonathan Vining

Jonathan Vining (La. Bar Roll No. 30781)
*General Counsel*
Louisiana Department of Public Safety &
Corrections
Legal Affairs
504 Mayflower Street (70802)
P.O. Box 94304
Baton Rouge, Louisiana 70804
Telephone: (225) 342-6728
Facsimile: (225) 342-3278
Email: JVining@corrections.state.la.us

**Counsel for Defendants**