# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESSIE HOFFMAN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-796-SDD-EWD** |
| **BOBBY JINDAL, ET AL.** | |

## TELEPHONE CONFERENCE REPORT AND ORDER

A telephone status conference was held before Magistrate Judge Erin Wilder-Doomes on August 19, 2021, with the following participants:

| **PRESENT:** | **Michael D. Rubenstein** **Cecelia T. Kappel** Counsel for Plaintiff, Jessie Hoffman | **James E. Boren** Counsel for Plaintiff and Intervenor, Christopher Sepulvado |
|---|---|---|
| | **Mercedes Montagnes** Counsel for Plaintiffs, Jessie Hoffman and Christopher Sepulvado and Intervenors Kevan Brumfield, Daine Irish, Todd Kelvin Wessinger, Shedran Williams, Jarrell Neal, Daniel Joseph Blank, James Tyler, Bobby Lee Hampton and Nathaniel R. Code | **Jeffrey Cody** **Jonathan R. Vining** Counsel for Defendants, Angela Norwood, Burl Cain, James M. LeBlanc and John Does and Intervenor-Defendants Darrel Vannoy, James Cruze, James LeBlanc and State of Louisiana |

The purpose of the conference was to discuss Status Report[1] filed in this matter. As to the information regarding the intent to reurge the First Motion for Sanctions,[2] filed by Jessie Hoffman, and Second Motion to Compel,[3] filed by Christopher Sepulvado, counsel were advised that, given

---

[1] R. Doc 261.
[2] R. Doc. 108.
[3] R. Doc. 166.

C:cv32a; T:20

the length of time that has passed since these motions were terminated,[4] and the fact that the Order terminating the motions specifically advised the movants that they would be required to participate in a conference and file an updated certification before requesting consideration, the parties must confer regarding the issues raised in these motions in an effort to resolve their disagreements prior to filing any request to have them considered. Additionally, any request to consider these motions must include a supplemental certification.[5] Additional briefing regarding the substance of the motions will not be permitted without leave of Court.

As to the information in the Status Report regarding Defendants' intention to file a motion to strike Plaintiffs' claims for mental and emotional damages,[6] the undersigned noted that the Plaintiffs concede that such claims are not being asserted in the Status Report.[7] The parties must confer regarding this issue to determine if a motion to strike is necessary.

In response to the question in the status report regarding the stay, the undersigned advised that the stay was lifted by Order, dated June 30, 2021.[8] The parties were questioned regarding whether Defendants would consent to a stay of executions in light of the information in the Status Report to the effect that the State does not have the ability to undertake executions at this time.[9] Notwithstanding those representations, defense counsel was not prepared during the telephone

---

[4] R. Doc. 205 (terminating the motions in light of the Consent Order staying the proceedings).
[5] The supplemental certification must specifically set forth (1) how the conference required by this Order was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties, and, if so, the terms of the resolution. Failure to provide this information will result in denial of the motion.
[6] R. Doc. 261, p. 9.
[7] *Id.* ("In addition to declaratory and injunctive relief, Plaintiffs are seeking punitive damages, presumed and nominal damages in the maximum amounts allowed by law, and attorney's fees and costs. Plaintiffs are not seeking damages for mental and emotional damages per the Court's previous order.").
[8] R. Doc. 256.
[9] *See e.g.*, R. Doc. 261, p. 3 ("Defendants presently have no drugs available for lethal injection nor do they have the ability to procure drugs in the foreseeable future. Therefore, they would not have the ability to execute Plaintiffs even should a death warrant be issued in the foreseeable future. Accordingly, as Defendants do not have the ability to implement an execution, Plaintiffs have no standing in this matter.").

conference to say that Defendants agree to a stay of executions pending resolution of the merits of this case. Any party seeking a stay must file an appropriate motion. Defendants' response should address the representations in the Status Report that they do not have the ability to conduct executions.

Next, the proposed schedule was discussed. A scheduling order will be entered based on the dates proposed in the Status Report, as revised per the discussion at the telephone conference.

**IT IS ORDERED** that the parties must confer regarding the issues raised in First Motion for Sanctions,[10] filed by Jessie Hoffman, and Second Motion to Compel,[11] filed by Christopher Sepulvado, in an effort to resolve their disagreements prior to any request to have the motions considered. Additionally, any request to consider these motions must include a supplemental certification.[12] Additional briefing regarding the substance of the motions will not be permitted without leave of Court.

**IT IS FURTHER ORDERED** that the parties must confer regarding whether a motion to strike Plaintiffs' claims for mental and emotional damages is necessary.

**IT IS FURTHER ORDERED** that any party seeking a stay of execution(s) must file an appropriate motion. Any opposition memorandum from Defendants should address the representations in the Status Report that they do not have the ability to conduct executions.

---

[10] R. Doc. 108.
[11] R. Doc. 166.
[12] The supplemental certification must specifically set forth (1) how the conference required by this Order was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties, and, if so, the terms of the resolution. Failure to provide this information will result in denial of the motion.

**IT IS FURTHER ORDERED** that a scheduling order will be issued based on the dates proposed in the Status Report, as revised during the telephone conference.

Signed in Baton Rouge, Louisiana, on August 19, 2021.

　　　　　　　　　　　　　　　　　　　*Erin Wilder-Doomes*

　　　　　　　　　　　　　　　　　　**ERIN WILDER-DOOMES**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**