# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JESSIE HOFFMAN** | * | **CIVIL ACTION No. 12-796** |
| **VERSUS** | * | **JUDGE SHELLY D. DICK** |
| **BOBBY JINDAL, ET AL.** | * | **MAG. JUDGE ERIN WILDER-DOOMES** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>OPPOSITION TO MOTION TO STAY DEADLINES</u>

**NOW INTO COURT**, through undersigned counsel, come Defendants**,** James M. LeBlanc, Secretary for the Louisiana Department of Public Safety (DPSC); Timothy Hooper, Warden of the Louisiana State Penitentiary; and his Assistant Warden, John Tubbs (hereinafter, collectively, "Defendants"), who submit the following Opposition to the Motion to Stay Deadlines filed by Plaintiffs.[1]

## I.    PROCEDURAL HISTORY

On August 12, 2021, Defendants filed a Motion to Dismiss the present suit for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1), or alternatively, to dismiss the Complaints filed by Intervenors for failure to state a claim for relief pursuant to F.R.C.P. 12(b)(6).[2] On August 18, 2021, Plaintiffs filed an Unopposed Motion to Extend their briefing deadline to respond to the Motion to Dismiss.[3] The Court granted Plaintiffs' motion and extended their opposition deadline by thirty days to October 2, 2021.[4]

---

[1] Rec. Doc. 271.
[2] Rec. Doc. 263. The Intervenors whose Complaints are subject to Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) are Todd Kelvin Wessinger, Daniel Irish, Shedran Williams, Daniel Joseph Blank, Jarrell Neal, James Tyler, Anthony Bell, Jason Reeves, Willie Tart, Allen Robertson, Dustin Dressner, and Henri Broadway.
[3] Rec. Doc. 264.
[4] Rec. Doc. 267.

On September 9, 2021, Plaintiffs' counsel contacted defense counsel to discuss conducting limited discovery on the jurisdictional issue raised in Defendants' Motion to Dismiss.[5] On September 16, 2021, Defendants agreed to limited written discovery related to the jurisdictional issue but did not agree to depositions.[6] Defendants also indicated that they would agree to another *extension,* but not a stay, of Plaintiffs' opposition deadline since Defendants' discovery responses would be due after the current opposition deadline of October 2, 2021.[7] On September 20, 2021, Plaintiffs propounded Interrogatories and Requests for Production of Documents.[8]

Also on September 20, 2021, Plaintiffs filed a Motion for Jurisdictional Discovery, seeking leave to conduct the depositions of Secretary James M. LeBlanc, Chief of Operations, Seth Henry Smith, Jr., and "other currently unknown individuals that are referenced in the materials supporting Defendants' Motion to Dismiss."[9] Plaintiffs also filed a Motion to Stay Deadlines, seeking an order staying and vacating the briefing deadlines on the Motion to Dismiss, or in the alternative, an extension of the briefing deadline until after completion of jurisdictional discovery.[10]

On October 1, 2021, Plaintiffs filed an Unopposed Motion to Extend Deadline within which to file their Opposition to the Motion to Dismiss.[11] In their motion, Plaintiffs requested an extension of the deadline to fifteen (15) days after the completion of written jurisdictional

---

[5] Rec. Doc. 271-2.
[6] *Id.*
[7] *Id.*
[8] Rec. Doc. 271-2.
[9] Rec. Doc. 270.
[10] Rec. Doc. 271.
[11] Rec. Doc. 274. While Defendants did not oppose Plaintiffs' request for an extension of the October 2, 2021, deadline, Defendants agreed to an extension of such deadline until fifteen days after *submission* of their responses to written discovery. In their motion, however, Plaintiffs represented to the Court that Defendants agreed to an extension until fifteen days after *completion* of written discovery.

discovery.[12] The Court granted Plaintiffs' motion the same day.[13] Plaintiffs' Motion to Stay Deadlines, however, remains pending, to which Defendants submit the following Opposition.

## II.    ARGUMENT

A stay of the briefing deadlines on Defendants' Motion to Dismiss is not warranted. As discussed above, Defendants have agreed to limited written discovery on the jurisdictional issue. Defendants' response to Plaintiffs' written discovery is due October 20, 2021. Since the Court granted Plaintiffs' Motion to Extend the Deadlines to fifteen days after completion of written jurisdictional discovery, there is no need for a stay of the briefing deadlines.

By requesting a stay of the briefing deadlines, rather than an extension of the October 2, 2021, deadline, Plaintiffs suggest that they will not, under any circumstances, be satisfied with Defendants' response to their written discovery and that further discovery will undoubtedly be necessary. Defendants, however, have not yet responded to Plaintiffs' discovery. Defendants anticipate that their response will allow for fair consideration of the issues raised in the Motion to Dismiss without the need for further discovery. A stay of the briefing deadlines will only serve to needlessly prolong resolution of Defendants' Motion to Dismiss.

In fact, the need for jurisdictional discovery has become questionable following Defendants' agreement thereto. On September 20, 2021, the Court denied as moot Plaintiff Christopher Sepulvado's Motion for a Stay of Execution, a Temporary Restraining Order, a Preliminary Injunction, and an Order Under the All Writs Act Staying Execution.[14] In denying the motion, the Court determined that "[t]he current circumstances reveal no controversy of sufficient immediacy and reliability to warrant relief.'" The Court's determination was based, in part, upon

---

[12] *Id.*
[13] Rec. Doc. 276.
[14] Rec. Doc. 269.

the Affidavit of Secretary LeBlanc attached to Defendants' August 12, 2021, Motion to Dismiss, as well as statements made by Defendants in the August 5, 2021, Joint Status Report regarding the availability of drugs for lethal injection – the very subject of Plaintiffs' limited jurisdictional discovery. Indeed, as set forth in Defendants' Opposition to the Motion for Jurisdictional Discovery, Defendants' response to Plaintiff's written jurisdictional discovery will only serve to confirm that Defendants currently do not possess drugs available for lethal injection.

The Court's ruling on Sepulvado's motion indicates that jurisdictional discovery may be of limited value to the Court in its consideration of Defendants' Motion to Dismiss. "Generally, 'a party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand' a motion to dismiss."[15] Defendants stand by their agreement to participate in limited written discovery on the jurisdictional issue. However, given its questionable value to the Court's consideration of the Motion to Dismiss, such discovery certainly does not warrant a <u>stay</u> of the briefing deadlines. The current extension of the October 2, 2021, Opposition deadline is sufficient.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Honorable Court deny Plaintiffs' Motion to Stay Deadlines.

  /s/ Jeffrey K. Cody
Jeffrey K. Cody (La. Bar # 28536)
jeffreyc@scwllp.com
Caroline M. Tomeny (La. Bar #34120)
caroline@scwllp.com
**SHOWS, CALI & WALSH, L.L.P.**
628 St. Louis Street (70802)
P.O. Drawer (4425
Baton Rouge, Louisiana 70821

---

[15] *Guajardo v. State Bar of Texas*, 803 Fed.Appx. 750, 756 (5th Cir.2020), citing *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir.2009) ("On the other hand, a party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion.").

Telephone:(225) 346-1461
Facsimile: (225) 346-1467

Elizabeth Murrill (La. Bar Roll No. 20685)
*Solicitor General*
Louisiana Department of Justice
1885 North 3rd Street
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6200
Facsimile: (225) 326-6297
Email: MurrillE@ag.louisiana.gov

Jonathan Vining (La. Bar Roll No. 30781)
*General Counsel*
Louisiana Department of Public Safety &
Corrections
Legal Affairs
504 Mayflower Street (70802)
P.O. Box 94304
Baton Rouge, Louisiana 70804
Telephone: (225) 342-6728
Facsimile: (225) 342-3278
Email: jonathan.vining@la.gov

**Counsel for Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **October 11, 2021**, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and notice will be sent to all counsel for Plaintiffs by operation of the court's electronic filing system.

   /s/ Jeffrey K. Cody
   JEFFREY K. CODY