IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JESSIE HOFFMAN** | * | **CIVIL ACTION No. 12-796** |
| **VERSUS** | * | **JUDGE SHELLY D. DICK** |
| **BOBBY JINDAL, ET AL.** | * | **MAG. JUDGE ERIN WILDER-DOOMES** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO STAY DEADLINES

**NOW INTO COURT**, through undersigned counsel, come Defendants, James M. LeBlanc, Secretary for the Louisiana Department of Public Safety (DPSC); Timothy Hooper, Warden of the Louisiana State Penitentiary; and his Assistant Warden, John Tubbs (hereinafter, collectively, "Defendants"), who submit the following Opposition to the Supplemental Memorandum in Support of Motion to Stay Deadlines filed by Plaintiffs.[1]

### I.      PROCEDURAL HISTORY

On August 12, 2021, Defendants filed a Motion to Dismiss the present suit for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1), or alternatively, to dismiss the Complaints filed by Intervenors for failure to state a claim for relief pursuant to F.R.C.P. 12(b)(6).[2] On August 18, 2021, Plaintiffs filed an Unopposed Motion to Extend their briefing deadline to respond to the Motion to Dismiss.[3] The Court granted Plaintiffs' motion and extended their opposition deadline by thirty days to October 2, 2021.[4]

---

[1] Rec. Doc. 295.
[2] Rec. Doc. 263. The Intervenors whose Complaints are subject to Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) are Todd Kelvin Wessinger, Daniel Irish, Shedran Williams, Daniel Joseph Blank, Jarrell Neal, James Tyler, Anthony Bell, Jason Reeves, Willie Tart, Allen Robertson, Dustin Dressner, and Henri Broadway.
[3] Rec. Doc. 264.
[4] Rec. Doc. 267.

1

On September 9, 2021, Plaintiffs' counsel contacted defense counsel to discuss conducting limited discovery on the jurisdictional issue raised in Defendants' Motion to Dismiss.[5] On September 16, 2021, Defendants agreed to limited written discovery related to the jurisdictional issue but did not agree to depositions.[6] Defendants also indicated that they would agree to another *extension,* but not a stay, of Plaintiffs' opposition deadline since Defendants' discovery responses would be due after the current opposition deadline of October 2, 2021.[7] On September 20, 2021, Plaintiffs propounded Interrogatories and Requests for Production of Documents.[8]

Also on September 20, 2021, Plaintiffs filed a Motion for Jurisdictional Discovery, seeking leave to conduct the depositions of Secretary James M. LeBlanc, Chief of Operations, Seth Henry Smith, Jr., and "other currently unknown individuals that are referenced in the materials supporting Defendants' Motion to Dismiss."[9] Plaintiffs also filed a Motion to Stay Deadlines, seeking an order staying and vacating the briefing deadlines on the Motion to Dismiss, or in the alternative, an extension of the briefing deadline until after completion of jurisdictional discovery.[10]

On October 1, 2021, Plaintiffs filed an Unopposed Motion to Extend Deadline within which to file their Opposition to the Motion to Dismiss.[11] In their motion, Plaintiffs requested an extension of the deadline to fifteen (15) days after the completion of written jurisdictional discovery.[12] The Court granted Plaintiffs' motion the same day.[13]

---

[5] Rec. Doc. 271-2.
[6] *Id.*
[7] *Id.*
[8] Rec. Doc. 271-2.
[9] Rec. Doc. 270.
[10] Rec. Doc. 271.
[11] Rec. Doc. 274. While Defendants did not oppose Plaintiffs' request for an extension of the October 2, 2021, deadline, Defendants agreed to an extension of such deadline until fifteen days after *submission* of their responses to written discovery. In their motion, however, Plaintiffs represented to the Court that Defendants agreed to an extension until fifteen days after *completion* of written discovery.
[12] *Id.*
[13] Rec. Doc. 276.

On October 20, 2021, Defendants responded to Plaintiffs' Interrogatories and Requests for Production of Documents. In their response, Defendants indicated that they were still in the process of reviewing electronically stored information for the relevant period and would be making a supplemental production of documents. On November 5, 2021, Defendants produced the remaining documents in response to Plaintiffs' Requests for Production of Documents. As a result of this final document production, Plaintiffs' Opposition to the Motion to Dismiss is considered due November 22, 2021 (i.e. fifteen (15) days after the completion of written jurisdictional discovery).

On November 8, 2021, Plaintiffs' counsel contacted undersigned counsel and asked whether Defendants would agree to yet another extension of Plaintiffs' deadline for opposing the pending Motion to Dismiss. If Defendants would not agree to an extension, Plaintiffs' counsel indicated they would request leave to supplement their Motion to Stay Deadlines and Motion for Jurisdictional Discovery and to request expedited consideration. Less than two hours later, before undersigned counsel had an opportunity to respond to Plaintiffs' counsel's email, the Court issued a Notice of Telephone Conference to discuss Plaintiffs' Motion for Jurisdictional Discovery and Motion to Stay Deadlines, set for November 17, 2021.[14] In light of the conference call scheduled by the Court, Defendants believed that their consent to an extension of the November 22, 2021 Opposition deadline was moot, as the issue will likely be resolved at the conference. Out of an abundance of caution, however, Defendants submit the following Opposition to Plaintiffs' Supplemental Memorandum in Support of Motion to Stay Deadlines.

---

[14] Rec. Doc. 288.

3

## II.    ARGUMENT

Now that Defendants have fully responded to Plaintiffs' written jurisdictional discovery, a stay of the briefing deadlines on Defendants' Motion to Dismiss is not warranted. Defendants' response to Plaintiffs' discovery allows for fair consideration of the issues raised in the Motion to Dismiss without the need for further discovery. A stay of the briefing deadlines will only serve to needlessly prolong resolution of Defendants' Motion to Dismiss, which was filed over three months ago on August 12, 2021.

As predicted, Plaintiffs' Supplemental Memorandum in Support indicates that Plaintiffs are not satisfied with Defendants' response to their written discovery. Plaintiffs complain that Defendants' document production is too voluminous. It is disingenuous for Plaintiffs to complain that Defendants' document production is too voluminous when Plaintiffs requested documents dating back all the way to September 15, 1991.[15] Defendants objected to this date range as broad and not reasonably calculated to lead to the discovery of admissible evidence but did provide responsive documents between 2014 to present, as had been requested in Request for Production of Documents No. 1.[16] However, 2014 to present still covers more than seven years' worth of material.

Not only do Plaintiffs complain that Defendants' document production is too voluminous, Plaintiffs also suggest that Defendants' document production may be deficient and may require additional discovery. As an example, Plaintiffs note that Defendants' document production indicates that Louisiana State Penitentiary ("LSP") has a supply of midazolam, one of the drugs that may be utilized for lethal injection under the current protocol, "despite [Defendants']

---

[15] Exhibit 1, Defendants' Response to Plaintiffs' Fourth Set of Requests for Production of Documents, Request for Production No. 3.
[16] *Id.*

4

representations to the contrary."[17] However, Secretary LeBlanc attested in his affidavit attached to the Motion to Dismiss that DPSC has been able to acquire midazolam, though it is strictly reserved for use in medical procedures.[18] Moreover, in the response to Plaintiffs' Interrogatories, Defendants acknowledged that LSP has a supply of midazolam available only for medical care.[19] Rather than contradict Defendants' argument in the Motion to Dismiss, this example only confirms that Defendants currently do not possess drugs which are considered *available for lethal injection* and does not indicate that additional discovery may be warranted.

"The party seeking discovery bears the burden of showing its necessity [and] must conclusively justify his entitlement ... by specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."[20] Here, Plaintiffs' Supplemental Motion to Stay Deadlines suggests that a stay of the briefing deadlines is necessary in the event that Plaintiffs may wish to conduct additional jurisdictional discovery. Not only is the overall need for jurisdictional discovery questionable in light of the Court's denial as moot of Christopher Sepulvado's Motion for a Stay of Execution, a Temporary Restraining Order, a Preliminary Injunction, and an Order Under the All Writs Act Staying Execution,[21] Plaintiffs are not likely to be able to show that additional jurisdictional discovery is necessary.[22] Therefore, a stay of the briefing deadlines is unnecessary. The current

---

[17] Rec. Doc. 295 at p. 3. Plaintiffs also note that Defendants' document production indicates that LSP has a supply of "potential lethal injection drugs, such as potassium chloride, diazepam, and fentanyl." None of these drugs, however, are authorized for use in lethal injection under the current protocol, which is at issue in this lawsuit.
[18] Rec. Doc. 263-2 at paragraph 12.
[19] Exhibit 2, Defendants' Response to Plaintiffs' Fourth Set of Interrogatories, Interrogatory No. 4.
[20] *Freeman v. United States*, 556 F.3d 326, 341–42 (5th Cir.2009) (internal citations omitted).
[21] Rec. Doc. 269.
[22] Defendants acknowledge that as of this filing, Plaintiffs have not requested additional jurisdictional discovery, but their motion indicates that such a request may be forthcoming.

extension of the October 2, 2021, Opposition deadline to fifteen days after completion of written jurisdictional discovery (i.e. November 22, 2021) is sufficient.

Finally, should the Court be inclined to extend the briefing deadline for Plaintiffs' opposition, Defendants ask that such extension be limited to Plaintiffs' opposition to the F.R.C.P. 12(b)(1) portion of the Motion to Dismiss. While Plaintiffs are not entitled to any discovery concerning the F.R.C.P. 12(b)(6) portion of Defendants' Motion to Dismiss, they have heretofore received the benefit of an extremely generous extension of time due to their request for jurisdictional discovery, which is relevant only to the F.R.C.P. 12(b)(1) grounds for dismissal. Therefore, as there is no reason to prolong Plaintiffs' response to the F.R.C.P. 12(b)(6) portion of the Motion to Dismiss, they should be required to file their response to same by the current deadline of November 22, 2021.

WHEREFORE, for the foregoing reasons and for the reasons set forth in Defendants' Opposition to Plaintiffs' original Motion to Stay Deadlines, Defendants respectfully request that this Honorable Court deny Plaintiffs' Motion to Stay Deadlines.

/s/ Caroline M. Tomeny
Jeffrey K. Cody (La. Bar # 28536)
jeffreyc@scwllp.com
Caroline M. Tomeny (La. Bar #34120)
caroline@scwllp.com
**SHOWS, CALI & WALSH, L.L.P.**
628 St. Louis Street (70802)
P.O. Drawer (4425
Baton Rouge, Louisiana 70821
Telephone:(225) 346-1461
Facsimile: (225) 346-1467

Elizabeth Murrill (La. Bar Roll No. 20685)
*Solicitor General*
Louisiana Department of Justice
1885 North 3rd Street
P.O. Box 94005

6

        Baton Rouge, Louisiana 70804-9005
        Telephone: (225) 326-6200
        Facsimile: (225) 326-6297
        Email: MurrillE@ag.louisiana.gov

        Jonathan Vining (La. Bar Roll No. 30781)
        *General Counsel*
        Louisiana Department of Public Safety & Corrections
        Legal Affairs
        504 Mayflower Street (70802)
        P.O. Box 94304
        Baton Rouge, Louisiana 70804
        Telephone: (225) 342-6728
        Facsimile: (225) 342-3278
        Email: jonathan.vining@la.gov

        **Counsel for Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **November 17, 2021**, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and notice will be sent to all counsel for Plaintiffs by operation of the court's electronic filing system.

         /s/ Caroline M. Tomeny
        CAROLINE M. TOMENY