IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSIE HOFFMAN, et al., ) | |
|     *Plaintiffs and intervenors*, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | NO. 3:12-796-SDD-EWD |
| BOBBY JINDAL, et al., ) | |
|     *Defendants*. ) | |

**OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO SUBSTITUTE EXHIBITS**

Plaintiffs submit this limited opposition to the Motion for Leave to Substitute Exhibits to Motion to Dismiss. As noted in the Motion, undersigned counsel advised counsel for Defendants that Plaintiffs objected to substitution of the exhibits in question. What is not noted in the Motion is that undersigned counsel specifically advised counsel for Defendants that Plaintiffs would consent to Defendants supplementing the record with additional affidavits. *See* email from Michael D. Rubenstein to Jeffrey Cody, Dec. 6, 2021 (Exhibit 1).

Plaintiffs appreciate counsel's recognition of the need to clarify and/or correct the record, but the prior, sworn statements of senior officials of the Department of Corrections should not be stricken from the record. As noted, Plaintiffs have no objection to the new affidavits being considered as supplemental to the existing record. Plaintiffs submit that sworn affidavits filed in support of a motion to dismiss should be treated the same as deposition testimony. In the case of deposition testimony, Rule 30(e) is clear that a witness may make changes to the deposition by submitting an errata sheet. There is disagreement among the courts as to whether the witness

1

may submit an errata sheet substantively changing her testimony, *compare Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 323, 325 (W.D. La. 1992) (Rule 30(e) "cannot be interpreted to allow one to alter what was said under oath. . . . A deposition is not a take home examination") and *Innovative Mktg. & Tech., L.L.C. v. Norm Thompson Outfitters, Inc.*, 171 F.R.D. 203, 205 (W.D. Tex. 1997) (permitting substantive changes via errata sheets). But there is no dispute that the original deposition testimony remains of record. *See Reilly v. TXU Corp.*, 230 F.R.D. 486, 490 (N.D. Tex. 2005) (citing *Lugtig v. Thomas*, 89 F.R.D. 639, 641 (N.D. Ill. 1981) ("the original answer to the deposition questions will remain part of the record and can be read at the trial")).

It should also be noted that Defendants seek leave to "correct and/or clarify" the only two pieces of evidence that were submitted in support of their Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, Rec. Doc. 263 at 2-4. That motion and the accompanying affidavits were filed on August 12, 2021 – nearly three months ago. Yet now, days before the depositions of the affiants and after producing approximately 17,500 pages of documents, Defendants wish to fundamentally change the narrative upon which this Court and Plaintiffs have been acting. To the extent that submitting new affidavits is in keeping with defense counsel's obligation to this tribunal, those affidavits should supplement the record and not be substituted in place of the prior, sworn statements.

For the foregoing reasons, Plaintiffs ask that the Court deny the Motion and instead permit the additional affidavits to considered as supplemental materials submitted by Defendants in support of the Motion to Dismiss.

Respectfully submitted,

/s Mercedes Montagnes
Mercedes Montagnes, La. Bar No. 33287
Cecelia Trenticosta Kappel, La. Bar No. 32736
The Promise of Justice Initiative
1024 Elysian Fields Avenue
New Orleans, LA 70117
Tel. (504) 529-5955
Fax (504) 595-8006

Michael D. Rubenstein (Bar No. 22860)
Liskow & Lewis
1001 Fannin Street, Suite 1800
Houston, TX 77002
Tel. (713) 651-2953
Fax (713) 651-2952

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and forgoing was filed electronically with the Clerk of Court using CM/ECF on this 6th day of December, 2021. Notice of this filing as generated by the electronic filing system constitutes service of the filed document on counsel for the Respondent.

/s Nishi Kumar
Nishi Kumar