UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JESSIE HOFFMAN, ET AL.                                 CIVIL ACTION

VERSUS

BOBBY JINDAL, ET AL.                                   NO. 12-796-SDD-EWD

RULING

This matter is before the Court on Plaintiffs' *Motion for Reconsideration*[1] of the Court's *Ruling*[2] granting the Defendants' *Motion to Dismiss*.[3] Defendants have filed an opposition.[4] For the following reasons, the Court finds that the motion should be denied.

I.      **Factual and Procedural Background**

Plaintiffs filed this lawsuit to challenge Louisiana's lethal injection protocol.[5] On August 12, 2021, Defendants filed a *Motion to Dismiss*,[6] arguing that the Court lacked subject-matter jurisdiction because the Department of Corrections (DOC) lacked the ability to obtain the drugs necessary to carry out lethal injection for the foreseeable future. The Court issued an *Order* on March 30, 2022[7] followed by a *Judgment* on March 31, 2022 granting the *Motion to Dismiss* without prejudice.[8] The Court found that circumstances have changed considerably since the first Plaintiff filed suit in 2012.

---

[1] R. Doc. 315.
[2] R. Doc. 312.
[3] R. Doc. 263.
[4] R. Doc. 316.
[5] R. Doc. 1,
[6] R. Doc. 263.
[7] R. Doc. 312.
[8] R. Doc. 313.

Namely, Louisiana is unable to obtain execution drugs. The Plaintiffs' speculation about how, when, or if Louisiana would perform executions in the future was insufficient to sustain this litigation. No case and controversy currently exists, no exception to the mootness doctrine applies, and the Court is without subject matter jurisdiction.[9]

## II.    Law and Analysis

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"[10] "A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence"[11] and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[12] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[13] The Fifth Circuit has explained that reconsideration of a judgment after it has been entered under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[14] As this Court has recently explained, "[w]hile the district courts do have 'considerable discretion in deciding whether to grant or deny a motion to alter judgment,' denial of Rule 59(e) motions to alter or amend is favored."[15]

---

[9] R. Doc. 312. *Hoffman v. Jindal*, No. CV 12-796-SDD-EWD, 2022 WL 969050, (M.D. La. Mar. 30, 2022).
[10] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)(quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).
[11] *Advocare Intern. LP v. Horizon Laboratories, Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003))(quoting *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[12] *Templet*, 367 F.3d 473, 478-9(5th Cir. 2004)(emphasis added).
[13] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)(quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).
[14] *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)).
[15] *Brown v. Louisiana State Senate*, 2013 WL 5603232, at *1 (M.D. La. Oct. 11, 2013)(quoting *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)).

Plaintiffs contend that manifest injustice will ensue if the Court does not grant this motion to reconsider because the availability of drugs is not the fault of the Plaintiffs, and they should not be penalized for circumstances outside of their control.[16] However, mootness is not a matter of fault or a matter of fairness; it is a question of justiciability. As discussed, at length, in the March 30, 2022 *Order*, the Court has no power to act because there is no *current* case and controversy between the parties. This conclusion did not amount to a complete disregard of the controlling law.

Plaintiffs also contend that the Court's Order was "essentially with prejudice" because of the strict exhaustion requirement of the Prison Reform Litigation Act (PRLA) 42 U.S. C. § 1997(e)(a).[17] Both the *Order* and the *Judgment* clearly state that the dismissal is without prejudice.[18] If a live controversy re-emerges between the parties, any arguments on exhaustion and how the requirements of the PRLA may or may not prejudice the Plaintiffs can be made at the appropriate time.

Plaintiffs' argument that the Court failed to address the possibility that Defendants may obtain drugs through some other means than compounding pharmacies or pharmaceutical companies is wholly without merit. The Court unequivocally found that the DOC is currently unable to obtain execution drugs, and any arguments from the Plaintiffs about what the DOC may attempt to do "under the cover of night" is speculation that fails to present a concrete and definite controversy.[19]

Finally, Plaintiffs argue that a press release issued by the Attorney General after the Court's *Order* is "new evidence" that justifies granting their motion for

---

[16] R. Doc. 315-1, p. 3.
[17] *Id.* at 4.
[18] R. Doc. 312, 313.
[19] R. Doc. 312 at 20.

3

reconsideration.[20] Plaintiffs attach a copy of a news article, arguing that comments by Attorney General Jeff Landry are "evidence" that this lawsuit is preventing executions and not the state's inability to procure the drugs.

The Court finds that the Attorney General's opinion to the media about the impact of this litigation does not amount to evidence, newly discovered or otherwise. If Attorney General Landry is somehow successful in the future at accomplishing that which has yet to be accomplished by the legislature—an alternative means of execution in Louisiana, Plaintiffs and Defendants will have an entirely different execution protocol over which to litigate. However, the claims presented in the matter currently before the Court do not present a live case and controversy and are moot.

### III.   CONCLUSION

For the reasons set forth above, Plaintiffs' *Motion for Reconsideration*[21] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this  1st  day of November, 2022.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[20] R. Doc. 315-1 at 11-12.
[21] R. Doc. 315.

4