# EXHIBIT 1

RCVD & FILED DESOTO PA
FEB 11 '25 PM3:49

| | | |
|---|---|---|
| **STATE OF LOUISIANA** | ) | NO. 77,378 |
| | ) | |
| **VERSUS** | ) | 42nd **JUDICIAL DISTRICT COURT** |
| | ) | |
| **CHRISTOPHER SEPULVADO** | ) | **DESOTO PARISH, LOUISIANA** |

## WARRANT OF EXECUTION IN CAPITAL CASE

**WHEREAS**, on April 19, 1993, the defendant, Christopher Sepulvado, was found guilty by unanimous jury verdict of First-Degree Murder, a violation of LSA-R.S. 14:30, in DeSoto Parish, Louisiana, for the heinous killing of his six (6) year-old stepson, Wesley "Allen" Mercer; and

**WHEREAS**, a sentencing hearing was thereafter conducted before the same jury that determined the issue of guilt, and the jury unanimously recommended that a sentence of death be imposed on the defendant; and

**WHEREAS**, on May 19, 1993, this Court imposed a sentence of death on Sepulvado in accordance with the unanimous verdict of the jury; and

**WHEREAS**, on April 8, 1996, the Louisiana Supreme Court unanimously affirmed Christopher Sepulvado's conviction and death sentence in *State v. Sepulvado*, 93-2692 (LA 4/8/96), 672 So.2d 158, for all purposes except that its judgment did not serve as a condition precedent to execution as provided by LSA-R.S. 15:567 until the United States Supreme Court denied Christopher Sepulvado's *Petition for Certiorari* and the United States Supreme Court denied Christopher Sepulvado's *Application for Rehearing;* and

**WHEREAS**, on May 10, 1996, the Louisiana Supreme Court denied Christopher Sepulvado's *Application for Rehearing,* No. 93-KA-2692; and

**WHEREAS**, on August 13, 1996, the United States Supreme Court denied Christopher Sepulvado's *Petition for Certiorari,* NO. 96-5540; and

1

**WHEREAS**, on October 15, 1996, the United States Supreme Court denied a petition for writ of certiorari in *Sepulvado v. Louisiana,* 510 U.S. 924 (1996); and

**WHEREAS**, on November 8, 1996, Christopher Sepulvado filed a *Petition for Rehearing* with the United States Supreme Court, NO. 96-5540; and

**WHEREAS**, on December 9, 1996, the United States Supreme Court denied Christopher Sepulvado's *Petition for Rehearing*; and

**WHEREAS**, a *Warrant of Execution in Capital Case* was signed by this Court on December 17, 1996, ordering the execution of Christopher Sepulvado in accordance with law on March 4, 1997; and

**WHEREAS**, on February 27, 1997, Christopher Sepulvado filed a *Motion for Stay of Execution* and a *Motion for Appointment of Counsel* with the United States District Court for the Western District of Louisiana; and

**WHEREAS**, the *Motion for Stay of Execution* and *Motion for Appointment of Counsel* was granted by the United States District Court for the Western District of Louisiana on February 27, 1997; and

**WHEREAS**, the United States District Court for the Western District of Louisiana on June 9, 1997, ordered Christopher Sepulvado to file a petition for *Writ of Habeas Corpus* by August 1, 1997; and

**WHEREAS**, the United States District Court for the Western District of Louisiana granted an extension for the time within which to file the ordered petition for *Writ of Habeas Corpus* until August 29, 1997; and

**WHEREAS**, Christopher Sepulvado, on August 29, 1997, filed a *Petitioner's Notice of Election Not to File Federal Habeas Corpus Petition Prior to Exhaustion of State Court Claims;* and

**WHEREAS**, the United States District Court for the Western District of Louisiana, on September 4, 1997, lifted Sepulvado's stay of execution and ordered the claims dismissed; and

2

**WHEREAS**, another *Warrant of Execution in Capital Case* was signed by this Court on September 12, 1997, again ordering the execution of Christopher Sepulvado in accordance with law on November 12, 1997; and

**WHEREAS**, Christopher Sepulvado filed a *Petition for Post-Conviction Relief, Writ of Habeas Corpus and Motion [for] Evidentiary Hearing* on October 14, 1997; and

**WHEREAS**, a *Supplemental Petition for Post-Conviction Relief, Writ of Habeas Corpus and Motion [for] Evidentiary Hearing* was filed by Christopher Sepulvado on April 21, 1998, and a *Second Supplemental Petition for Post-Conviction Relief, Writ of Habeas Corpus and Motion [for] Evidentiary Hearing* was filed by Christopher Sepulvado on April 24, 1998; and

**WHEREAS**, the execution of Christopher Sepulvado was again stayed, pending hearing; and

**WHEREAS**, a hearing on Sepulvado's *Application for Post-Conviction Relief* was held on April 27, 1998; and

**WHEREAS**, this Court, by written judgment dated April 30, 1999, denied Christopher Sepulvado's *Application for Post-Conviction Relief* and all supplements thereto in their entirety; and

**WHEREAS**, Christopher Sepulvado filed a *Third Supplemental Petition for Post Conviction Relief, Writ of Habeas Corpus, and Motion [for] Evidentiary Hearing*; and

**WHEREAS**, the *Third Supplemental Petition for Post Conviction Relief, Writ of Habeas Corpus, and Motion [for] Evidentiary Hearing* was denied, *sua sponte*, without hearing, by this Court; and

**WHEREAS**, a *Writ of Habeas Corpus* was filed by Christopher Sepulvado in the United States District Court, Western District of Louisiana, Shreveport Division, under CV00-0596-S; and

**WHEREAS**, all aspects of Mr. Sepulvado's *Writ of Habeas Corpus and Petition* were denied by the United States District Court, Western District of Louisiana, in separate judgments dated November 20, 2001, and August 9, 2002; and

3

**WHEREAS**, Christopher Sepulvado filed an *Application for Issuance of Certificate of Appealability* with the United States District Court, Western District of Louisiana; and

**WHEREAS**, on September 11, 2002, the Federal District Court, Middle District of Louisiana, denied Christopher Sepulvado's *Application for Issuance of Certificate of Appealability* and denied Christopher Sepulvado's claim for habeas relief, *Sepulvado v. Cain*, No. 00–596 (W.D. La. Aug. 9, 2002); and

**WHEREAS**, on January 13, 2003, the United States Court of Appeals, Fifth Circuit, affirmed the denial of the *Application for Issuance of Certificate of Appealability* on six issues in *Sepulvado v. Cain*, 58 Fed. App'x 595, 2003 WL 261769 (5th Cir.) (unpublished), *cert. denied*, 540 U.S. 842, 124 S.Ct. 110, 157 L.Ed.2d 76 (2003); and

**WHEREAS**, an unopposed *Motion to Stay Proceedings* was filed by Christopher Sepulvado in the 11th Judicial District Court of Louisiana (now the 42nd Judicial District Court of Louisiana) on June 30, 2008, and was granted on July 1, 2008; and

**WHEREAS**, on December 12, 2012, pursuant to this Court's order, Christopher Sepulvado appeared for hearing and failed to show sufficient cause why the stay of proceedings should not be lifted and a death warrant executed forthwith; and

**WHEREAS**, a *Warrant of Execution in Capital Case* was signed and filed by the State of Louisiana on December 12, 2012, setting an execution date of February 13, 2013; and

**WHEREAS**, Christopher Sepulvado filed a *Motion for Stay of Execution and Request for Hearing on Motion*, which was denied by Order of this Court on December 21, 2012; and

**WHEREAS**, Christopher Sepulvado filed a *Notice of Intent to Seek Writ of Review* with this Court, in *State Ex Rel. Christopher Sepulvado v. Burl Cain, Warden*, which was signed by the this Court on January 8, 2013; and

**WHEREAS**, the Supreme Court of the State of Louisiana subsequently denied Christopher Sepulvado's *Application for Supervisory and/or Remedial Writs* on January 23, 2013, in No. 2013-KP-0098 in *State v. Sepulvado*, 105 So.3d 59 (Mem), 2013-0098 (La. 1/23/13); and

**WHEREAS**, in a collateral case in which Christopher Sepulvado intervened, challenging Louisiana's execution protocol, *Hoffman et al. v. Jindal et al.*, 12-796-KKN (LA 2/7/13), a stay of

4

the December 12, 2012, execution warrant was signed and entered by the United States District Court, in the Middle District of Louisiana on February 7, 2013; and

**WHEREAS**, in *Christopher Sepulvado v. Bobby Jindal, et al.* 13-70007 (LA 9/30/13), the United States Court of Appeals for the Fifth Circuit ordered and adjudged the preliminary injunction and stay of execution reversed, and such order was filed on August 30, 2013; and

**WHEREAS**, in 2013, Christopher Sepulvado filed a second petition for federal habeas relief in Federal District court, which petition was subsequently transferred to the Fifth Circuit Court of Appeals by the District Court; and

**WHEREAS**, at the Fifth Circuit Court of Appeals, the Middle District's order of transfer was affirmed, Christopher Sepulvado's petition for writ of habeas corpus and his amended motion to appoint counsel were dismissed for want of jurisdiction, his motion for stay of execution was denied, and his request for a Certificate of Appealability was dismissed (*In re Sepulvado*, 707 F.3d 550 (5th Cir. 2013); and

**WHEREAS**, Christpher Sepulvado's *Petition for Writ of Certiorari* was subsequently denied by the United States Supreme Court on October 15, 2013 (*Sepulvado v. Cain*, 571 U.S. 952, 134 S.Ct. 420 (Mem), 187 L.Ed.2d 280, 82 USLW 3214); and

**WHEREAS**, a *Supplemental Warrant of Execution in Capital Case* was filed by the State of Louisiana on September 5, 2013, setting an execution date for Christopher Sepulvado on November 5, 2013; and

**WHEREAS**, Christopher Sepulvado filed a *Motion to Vacate Warrant of Execution or Alternatively Request for a Status Phone Conference on the Motion* with this Court on September 6, 2013, which was denied by this Court on September 9, 2013; and

**WHEREAS**, Christopher Sepulvado subsequently filed a *Notice of Intent to Seek Writ of Review*, which was signed by the 42nd Judicial District Court on September 10, 2013; and

**WHEREAS**, Christopher Sepulvado filed a *Motion to Vacate Warrant of Execution* with the Supreme Court of Louisiana on September 6, 2013; and

**WHEREAS**, the Supreme Court of Louisiana granted the Christopher Sepulvado's *Motion to Vacate Warrant of Execution* on September 25, 2013; and

5

**WHEREAS**, in *State of Louisiana v. Sepulvado,* NO. 2013-KP-2177 (LA 9/25/13), the Supreme Court of Louisiana vacated the warrant of execution of September 5, 2013, pending the issuance of a mandate from the United States Court of Appeals for the Fifth Circuit; and

**WHEREAS**, the United States Court of Appeals for the Fifth Circuit issued a mandate on January 3, 2014, in the matter of *Christopher Sepulvado v. Bobby Jindal, et al.,* NO. 13-70007, D.C. Docket No. 3:12-CV-796; and

**WHEREAS**, another *Warrant of Execution in Capital Case* was filed by the State of Louisiana on January 6, 2014, setting an execution date for March 7, 2014; and

**WHEREAS**, an *Amended Warrant of Execution in Capital Case* was filed by the State of Louisiana on January 6, 2014, correcting and refixing the execution date from March 7, 2014 to February 5, 2014; and

**WHEREAS**, in *Hoffman et al. v. Jindal et al.,* NO. 3:12-cv-00796, Christopher Sepulvado filed a *Motion for Stay of Execution, Temporary Restraining Order, Preliminary Injunction* and an *Order for Stay of Execution* in the U.S. District Court, Middle District of Louisiana; and

**WHEREAS**, the U.S. 5th Circuit Court of Appeals entered its judgment on August 30, 2013, (729 F.3d 413), denying Christopher Sepulvado's motions; and

**WHEREAS**, in *Sepulvado v. Jindal et al.,* 572 U.S. 1053, 134 S.Ct. 1789 (Mem), 188 L.Ed.2d 771, 82 USLW 3512, 82 USLW 3583, 82 USLW 3585), the United States Supreme Court denied Christopher Sepulvado's *Petition for Writ of Certiorari* on April 7, 2014; and

**WHEREAS**, in a collateral action, *In Re LeBlanc,* filed in the Middle District of Louisiana against the Governor of the State of Louisiana, the Louisiana Department of Public Safety and Corrections, and various state officials under §1983, Christopher Sepulvado intervened, and the Middle District Court ordered the State's production of information and materials on March 27, 2014; and

**WHEREAS**, on February 3, 2014, the parties in *Hoffman et al. v. Cain et al.* agreed to a 90-day temporary restraining order, and an order was entered, setting a hearing for April 7, 2014 (12013 WL 489809); and

6

**WHEREAS**, Respondents petitioned for a writ of mandamus and temporary stay, and on March 27, 2014, the Fifth Circuit Court of Appeals denied the *Petition for Writ of Mandamus* and ordered the temporary stay of the district court's order lifted (559 Fed. Appx. 389); and

**WHEREAS**, on May 28, 2014, in *Hoffman et al. v. Cain et al.*, a Consent Order was entered by the Middle District of Louisiana, staying all proceedings and the execution of Christopher Sepulvado until November 27, 2014; and

**WHEREAS**, in November of 2014, the Middle District again ordered a Consent Order staying proceedings and extending the temporary restraining order on Christopher Sepulvado's execution to June 25, 2015; and

**WHEREAS**, on June 23, 2015, the United States District Court, Middle District of Louisiana, entered another Consent Order, ordering all of the proceedings and ordering the temporary restraining order regarding the execution of Christopher Sepulvado to remain in effect through July 11, 2016 (*Hoffman v. Cain et al.*); and

**WHEREAS**, on May 31, 2016, the United States District Court, Middle District of Louisiana, a further Consent Order was entered, ordering all of the proceedings and ordering the temporary restraining order regarding the execution of Christopher Sepulvado to remain in effect through January 8, 2018 (*Hoffman et al. v. Cain et al.*); and

**WHEREAS**, on July 16, 2018, the Middle District of Louisiana further extended the stay in the proceedings to July 18, 2019, and extending the temporary stay in execution until July 26, 2019 (2018 WL 5619363); and

**WHEREAS**, On August 1, 2019, the U.S. District Court, Middle District of Louisiana, again extended the stay and Christopher Sepulvado's execution until pending motions to intervene were addressed, and on June 8, 2021, the Middle District denied the motions to intervene and lifted the stay; and

**WHEREAS**, the United States District Court, Middle District of Louisiana, on September 20, 2021, considered Christopher Sepulvado's *Motion for a Stay of Execution, Motion for Temporary Restraining Order, Motion for a Preliminary Injunction and Motion for Order Under the All Writs Act Staying Execution*, and denied them in their entirety as moot (2021 WL 4269876); and

7

**WHEREAS**, on August 12, 2021, the Defendants in *Hoffman and Sepulvado et al. v. Cain et al.*, filed a *Motion to Dismiss*, and whereas the Defendants' *Motion to Dismiss* was subsequently granted by the Middle District on March 30, 2022, and Christopher Sepulvado's claims were dismissed (2022 WL 969050); and

**WHEREAS**, Christopher Sepulvado's subsequently filed *Motion for Reconsideration of the Court's Ruling* was denied by the Middle District of Louisiana on November 1, 2022 (2022 WL 16571312); and

**WHEREAS**, there being no other outstanding application(s) for relief or stays of execution of record now; and

**WHEREAS**, Christopher Sepulvado is again eligible for a warrant of execution, over 30 years after having been found guilty of the offense of the First-Degree Murder, of a six (6)-year-old child, and over 30 years after having been sentenced to death for such offense.

**THEREFORE, IT IS ORDERED**, that in accordance with the provisions of LSA-R.S. 15:567, the Secretary of Public Safety and Corrections of the State of Louisiana shall henceforth cause and carry out the execution of Christopher Sepulvado, at the time and manner prescribed by law on the 17th day of March, 2025.

**IT IS FURTHER ORDERED** that the Clerk of this Court shall forward to the Secretary of the Department of Public Safety and Corrections of the State of Louisiana, a certified copy of the indictment, verdict, and sentence, as well as the decision of the Louisiana Supreme Court dated April 9, 1996, affirming the Sentence of death for Christopher Sepulvado.

**IT IS FURTHER ORDERED** that the Secretary of the Department of Public Safety and Corrections for the State of Louisiana shall forthwith cause a copy of this *Warrant of Execution of Capital Case* to be delivered to Christopher Sepulvado, the person hereby condemned to death.

**IT IS FURTHER ORDERED** that a certified copy of this *Warrant of Execution of Capital Case* shall be transmitted by the Clerk of this Court to the Honorable Jeff Landry, Governor of the State of Louisiana in the form and manner directed by LSA-R.S. 15:567, and to:

Charles B. Adams
42nd Judicial District Attorney
DeSoto Parish District Attorney's Office
206 Adams St.
P.O. Box 432
Mansfield, LA 71052

**and to:**

D. Aaron Novod, LSBA No. 31275
P.O. Box 740985
New Orleans, LA 70174
(504) 913-3746
aaron.novod.esq@gmail.com

James E. Boren
30 Main St
Baton Rouge, LA 70802
Phone: (225) 387-5786
Fax: (225) 336-4667
jim@jamesboren.com

Kathleen Kelly
Capital Post-Conviction Project of Louisiana
1340 Poydras St., Ste. 1700
New Orleans, LA 70112
kkelly@cpcpl.org

Cecelia Trenticosta (Kappel)
Center for Social Justice
7214 Saint Charles Ave
Campus Box 907
New Orleans, LA 70118
Phone: (504) 861-5735
ctkappel@defendla.org

Gary Patrick Clements
1304 Lowerline St
New Orleans, LA 70118
Phone: (504) 908-9291
gpeclements@gmail.com

Capital Post-Conviction Project of Louisiana
1340 Poydras St., Ste 1700
New Orleans, LA 70112
Phone: (504) 212-2110

Mercedes Hardy Montagnes
3110 Canal St
New Orleans, LA 70119
Phone: (504) 233-3125
mercedes.montagnes@gmail.com

**and**

Nishi Lal Kumar
Promise of Justice Initiative
1024 Elysian Fields Ave
New Orleans, LA 70116
Phone: (404) 617-1467
nkumar@defendla.org

**for Christopher Sepulvado.**

Issued and signed at Mansfield, Louisiana, on this \_\_\_11th\_\_\_ day of February, 2025.

_____
AMY BURFORD McCARTNEY, JUDGE
FORTY-SECOND JUDICIAL DISTRICT OF LOUISIANA

TWENTY-SECOND JUDICIAL DISTRICT COURT
FOR THE PARISH OF ST. TAMMANY
STATE OF LOUISIANA

NO. 265637                                                    DIVISION "H"

STATE OF LOUISIANA

VERSUS

FEB 10 2025    JESSIE D. HOFFMAN

FILED: _____        *Kmen Herdor*
                                        DEPUTY CLERK

### WARRANT FOR EXECUTION OF PERSON
### CONDEMNED TO DIE

TO:   THE HONORABLE GARY WESTCOTT
      SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
      P.O. BOX 43304
      BATON ROUGE, LA 70804

WHEREAS, it appears from the annexed duly certified copy of the indictment, verdict, sentence and judgment of the Louuisiana Supreme Court affirming the sentence of death; that at the a session of the Honorable 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, and held beginning on the 15th day of June, 1998, Jessie D. Hoffman was convicted on the 25th day of June 1998, of the crime of First Degree Murder of Mary Elliott, in violation of La. R.S. 14:30, and that on the 27th day of June, 1998, the jury unanimously recommended that said defendant be sentenced to death and unanimously found the following aggravating circumstances, to-wit: (1) Aggravated Rape; (2) Aggravated Kidnapping; (3) Armed Robbery; and (4) the offense was committed in an especially heinous, atrocious or cruel manner in that the victim was subjected to torture, physical abuse or pitiless infliction of unnecessary pain and suffering and that in accordance with the said recommendation of the jury, His Honor, Donald M. Fendlason, of said Court, sentenced the said Jessie D. Hoffman to death on the 11th day of September, 1998; and said conviction and sentence of death was affirmed by the Supreme Court of Louisiana on the 11th day of April, 2000 with rehearing being denied on the 12th day of may, 2000.

NOW THEREFORE I, Alan Zaunbrecher, Judge of the 22nd Judicial Court, being the Court of original jurisdiction, and in accordance with La. R.S. 15:567, do hereby direct and command you to cause the execution of Jessie D. Hoffman, the condemned in this case, in the manner provided by law. You shall cause the condemned Jessie D. Hoffman to be put to death on March 18, 2025, between the hours of 6:00 p.m. and 11:59 p.m., and you shall follow all of the requirements and requisites of the law in carrying out this execution.

THUS DONE, RENDERED, READ AND SIGNED in Covington, Louisiana, Parish of St. Tammany, State of Louisiana, on this the 12 day of February, 2025.

                                                Alan Zaunbrecher
                                                Judge, Division "H"
                                                22nd Judicial District Court

STATE OF LOUISIANA          NUMBER 265637    DIVISION "H"

                            22ND JUDICIAL DISTRICT COURT

VERSUS

                            PARISH OF ST. TAMMANY

JESSIE D. HOFFMAN           STATE OF LOUISIANA

**FILED**

WARRANT FOR EXECUTION OF PERSON
CONDEMNED TO DIE

DEC 4 2000

MALISE PRIETO- CLERK
Deputy

TO: HONORABLE RICHARD STALDER
    SECRETARY OF THE LOUISIANA DEPARTMENT OF CORRECTIONS
    POST OFFICE BOX 44304
    BATON ROUGE, LOUISIANA 70804

WHEREAS, it appears from the annexed duly certified copy of the indictment, verdict, sentence and judgment of the Supreme Court of Louisiana affirming the sentence of death; that at a session of the Honorable, 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, and held beginning on the 15th day of June, 1998, Jessie D. Hoffman was convicted on the 25th day of June, 1998 of the crime of First Degree Murder of Mary Elliott, in violation of La. R. S. 14:30, and that on the 27th day of June, 1998, the jury unanimously recommended that said defendant be sentenced to death and unanimously found the following aggravating circumstances, to-wit: (1) Aggravated Rape; (2) Aggravated Kidnapping; (3) Armed Robbery; and (4) the offense was committed in an especially heinous, atrocious or cruel manner in that the victim was subjected to torture, physical abuse or pitiless infliction of unnecessary pain and suffering and that in accordance with the said recommendation of the jury, His Honor, Donald M. Fendlason, of said Court, sentenced the said Jessie D. Hoffman to death on the 11th day of September, 1998; and said conviction and sentence of death was affirmed by the Supreme Court of Louisiana on the 11th day of April, 2000 with rehearing being denied on the 12th day of May, 2000; and further petition for writ of certiorari was denied by the United States Supreme Court on the 16th day of October, 2000.

NOW THEREFORE, I, Donald M. Fendlason, Judge of the 22nd Judicial District Court, being the Court of original jurisdiction, and in accordance with La. R. S. 15:567, do hereby direct and command you to cause the execution of Jessie D. Hoffman, the condemned in this case, in the manner provided by law. You shall cause the condemned Jessie D. Hoffman to be put to death on

EXHIBIT
1

SCANNED
JUN 24 2005

February 5, 2001, between the hours of 6:00 p.m. and 11:59 p.m., and you shall follow all of the requirements and requisites of the law in carrying out this execution.

THUS DONE, RENDERED, READ AND SIGNED in the City of Covington, Parish of St. Tammany, State of Louisiana, on this 5th day of December, 2000.

                                                                                    _____
                                                                                    DONALD M. FENDLASON
                                                                                    DISTRICT JUDGE
                                                                                    22nd Judicial District Court
                                                                                    Parish of St. Tammany
                                                                                    State of Louisiana

2

SCANNED
JUN 2 4 2005

STATE OF LOUISIANA

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

| | |
|---|---|
| STATE EX REL. | |
| JESSIE D. HOFFMAN | |
| Petitioner | Case. No. 265637 |
| VERSUS | Division "H" |
| BURL CAIN, Warden, Louisiana State Penitentiary, Angola, Louisiana | |
| Respondent | |

**FILED JAN 1 1 2001**

### ORDER

Foregoing considered, IT IS ORDERED that Petitioner's *Motion to Recall the Warrant and Stay the Execution* be and hereby is GRANTED, and the warrant of execution setting February 5, 2001 as the date for Petitioner's execution be set aside as null and void.

IT IS FURTHER ORDERED that this case be referred to the Capital Post-Conviction Project of Louisiana, through the Louisiana Indigent Defense Board, for appointment of counsel to represent Petitioner throughout post-conviction, pursuant to La.R.S. 15:149.1. The Capital Post-Conviction Project, through its Director, is ORDERED to report progress on the appointment to this Court by the 15th day of March, 2001.

Signed this /2 day of _____ 2001.

_____
JUDGE, 26th J.D.C.

EXHIBIT Z

SCANNED JUN 2 4 2005