UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JESSIE HOFFMAN, *et al*

VERSUS

BOBBY JINDAL, *et al*

CIVIL ACTION

NO. 12-796-SDD-EWD

**RULING**

Before the Court is Plaintiffs' *Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6)*[1] *and* Plaintiffs' *Motion for Expedited Consideration*.[2] The Rule 60(b)(6) motion is opposed.[3] For the following reasons, Plaintiffs' *Motion for Expedited Consideration and Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6)* shall be GRANTED.

I. **BACKGROUND**

In 2012, Plaintiff Jessie Hoffman filed a civil rights suit against the Governor, the Warden of Louisiana State penitentiary, the Secretary of the Department of Public Safety and Corrections, the Department of Public Safety and Corrections (DPSC), the warden of death row, and unnamed executioners.[4] Hoffman alleged, *inter alia*, that his execution under the execution protocol then in effect, lethal injection would result in cruel and unusual punishment and would violate his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.[5] Hoffman sought to permanently enjoin

---

[1] R. Doc. 318.
[2] R. Doc. 336.
[3] R. Doc. 327.
[4] R. Doc. 1.
[5] *Id.* at pp. 8–18.

his execution.[6] Other death row inmates intervened in the suit.[7] In 2013, Plaintiffs filed an *Amended Complaint*, alleging that Defendants had changed the execution protocol and that the amended protocol would result in cruel and unusual punishment.[8] In 2014, Plaintiffs filed a *Second Amended Complaint*, alleging that due to a "lack of supply" of pentobarbital, Defendants would use compounded pentobarbital and such use would "likely result in a 'lingering death' in violation of the Eighth Amendment."[9] From 2014 to 2018, the State defendants consented to a series of stays of execution.[10]

On August 12, 2021, Defendants filed a *Motion to Dismiss* contending, in part, that the Court lacked subject-matter jurisdiction because the DPSC was unable to obtain the drugs necessary to carry out lethal injection for the foreseeable future.[11] In ruling on this motion, this Court determined that when Plaintiffs filed suit in December 2012, the claims were ripe for review, but as of March 2022, the circumstances had changed considerably.[12] The Court acknowledged that as of 2022, "[t]he only legal method of execution in the State of Louisiana [was] lethal injection" and "uncontroverted testimony … established that Louisiana [was] unable to obtain execution drugs from compounding pharmacies or FDA-approved pharmaceutical companies."[13] The Court granted the *Motion to Dismiss*, finding there was no live controversy and, thus, concluding that the Court lacked subject-matter jurisdiction.[14] However, the Court also stated that, "if a live

---

[6] *Id*. at p. 22.
[7] R. Docs. 11, 94, 95, 101, 198, 199, 200, 208, 209, 219, and 249.
[8] R. Doc. 67.
[9] R. Doc. 118, p. 16.
[10] R. Docs. 119, 144, 155, 178, 184, 188, 197, and 227.
[11] R. Docs. 263 and 263-1. Plaintiffs opposed the motion, contending Defendants could change their behavior regarding procuring lethal injection drugs at any time. R. Doc. 305.
[12] R. Doc. 312, pp. 17–19.
[13] *Id*. at p. 19.
[14] *Id*. at p. 23. This Court further reasoned, "The barriers and uncertainty facing Louisiana's lethal injection protocol deprive[d] Plaintiffs' claims of the immediacy and reality required to establish a present, live

controversy re-emerges, Plaintiffs may employ the same procedural mechanisms they have previously used to seek the relief they desire."[15] Pursuant to a March 31, 2022 Judgment, Plaintiff's suit was "dismissed without prejudice."[16]

Plaintiffs filed a *Motion for Reconsideration*,[17] wherein they contended that manifest injustice would ensue if the Court did not grant the motion to reconsider because the availability of drugs to use in executions was not the fault of the Plaintiffs, "who were subject to execution dates being set at any time" and the "Plaintiffs should not be penalized for circumstances outside of their control[.]"[18] The Court denied the *Motion for Reconsideration*, stating as follows, in pertinent part:

> If Attorney General Landry is somehow successful in the future at accomplishing that which has yet to be accomplished by the legislature – an alternative means of execution in Louisiana, Plaintiffs and Defendants will have an entirely different execution protocol over which to litigate.[19]

When Defendants' *Motion to Dismiss* was granted, Louisiana Revised Statute 15:569 provided for only one means of execution, i.e., lethal injection.[20] Pursuant to Act 5 of the 2024 Second Extraordinary Session of the Louisiana Legislature, effective July 1, 2024, DPSC is now authorized to use two additional methods of execution besides lethal injection, i.e., nitrogen hypoxia and electrocution.[21]

---

controversy of the kind that must exist to avoid advisory opinions on abstract propositions of law. *Id*. at p. 20.
[15] *Id*. at p. 21.
[16] R. Doc. 313.
[17] R. Doc. 315.
[18] R. Doc. 315-1, pp. 3-4.
[19] R. Doc. 317, p. 4.
[20] La. R.S. 15:569(B) then provided, "Every sentence of death executed on or after September 15, 1991, shall be by lethal injection; that is, by the intravenous injection of a substance or substances in a lethal quantity into the body of a person convicted until such person is dead."
[21] 2024 La. Acts, 2nd Extraordinary Session, No. 5 amended La. R.S. 15:569 and 15:570.

On June 14, 2024, Plaintiffs filed a *Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6)*,[22] urging this new legislation is "a material and extraordinary change of circumstances that gives rise to a live controversy between the parties" and warrants the "setting aside [of] the prior order [of dismissal] and returning this case to the Court's active docket" pursuant to Rule 60(b)(6).[23] In a supplemental memorandum, Plaintiffs submit that the Governor issued a press release on February 10, 2025, announcing the DPSC "will resume executions" and the Governor's office published a "Brief Summary Of Nitrogen Hypoxia Execution Protocol."[24] This brief summary was released by the Governor's office in connection with the press release.[25]

Most significantly, in their *Motion for Expedited Hearing*,[26] Plaintiffs offer evidence of Death Warrants entered for Plaintiffs Jessie Hoffman and Christopher Sepulvado for imminent execution. The St. Tammany Parish District Court has ordered DPSC "to cause the execution of [Hoffman]… in the manner provided by law" on March 18, 2025[27] and the DeSoto Parish District Court has ordered the DPSC to carry out Sepulvado's execution on March 17, 2025.[28] Plaintiffs argue that scheduling executions and the official announcement that the DPSC "has finalized and implemented an updated protocol for nitrogen hypoxia executions" constitutes "extraordinary circumstances" that justify relief under Rule 60(b)(6).[29]

---

[22] R. Doc. 318.
[23] R. Doc. 318-1, pp. 1 and 8.
[24] R. Doc. 331-2, p. 2; R. Doc. 335-2, p. 2.
[25] R. Doc. 335-3.
[26] R. Doc. 336.
[27] R. Doc. 336-3, pp. 12-13. On February 18, 2025, the Twenty-Second Judicial District Court also denied Mr. Hoffman's Motion to Recall the Warrant and Stay the Execution. This Court takes judicial notice of this order from the state court proceedings. *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F3d. Appx. 888, 892 (5th Cir. 2020).
[28] R. Doc. 336-3, p. 9.
[29] R. Doc. 335, pp. 1-2.

In *Defendants' Opposition to Plaintiffs' Motion for Relief from Judgment*, Defendants maintain that Plaintiffs' claims are still moot because Plaintiffs have offered no evidence that Defendants are now able to obtain the necessary drugs to carry out executions by lethal injection.[30] Defendants thus claim that Plaintiff's Rule 60(b) motion is premature.[31] Defendants assert: "The 'full and fair opportunity to litigate' any claims Plaintiffs may have against the new legislation (and any new protocol …) is available to [Plaintiffs] by filing a new lawsuit."[32]

Plaintiffs replied to *Defendant's Opposition,* urging that Defendants ignore the alternative methods of execution that now exist pursuant to Act 5 of the 2024 Second Extraordinary Session and erroneously focus their analysis on the Defendants' ability to obtain lethal drugs and the respective protocol for the use of such drugs.[33] Plaintiffs urge that in light of the scheduled execution there is "little doubt that a live controversy exists with respect to Plaintiffs' claims as to the constitutionality of Louisiana's execution protocol."[34]

## II. ANALYSIS

Rule 60(b)(1–5) empowers the district court to grant relief because of a mistake, surprise, newly discovered evidence, fraud, or a void or discharged judgment, and

---

[30] R. Doc. 327, pp. 8.
[31] *Id.* at p. 11. In that same filing dated July 24, 2024, Defendants also asserted, "Now that the underlying statute has changed, the procedures must also change – which will happen when the [DPSC] issues a new protocol. Until that happens, however, there are no new procedures 'over which to litigate.'" *Id*. Defendants urged that Plaintiffs do not qualify for extraordinary relief under Rule 60(b)(6), contending "they do not know how they will 'specifically and precisely plead the manner in which their constitutional rights will be violated … should the State be allowed to proceed [under the new law].'" *Id.* at p. 12. Defendants have not revised their arguments in relation to the brief summary of nitrogen hypoxia execution protocol that the Office of the Governor referenced in its February 10, 2025, press release.
[32] *Id.* at p. 17.
[33] R. Doc. 330, pp. 1-2. Plaintiffs also contend, "Defendants' contention that Plaintiffs bear the burden of coming forward with evidence that the DOC has or is able to obtain execution drugs is circular nonsense." *Id.* at p. 2.
[34] R. Doc. 335, p. 2.

5

60(b)(6) permits vacatur for "any other reason that justifies relief."[35] The Fifth Circuit describes Rule 60(b)(6) as "a grand reservoir of equitable power to do justice in a particular case."[36] Relief under Rule 60(b)(6) is appropriate "only if extraordinary circumstances are present"[37] and cannot operate to relieve a party from the "free, calculated, and deliberate choices he has made."[38]

Motions under Rule 60(b) are directed to the sound discretion of the district court, and the denial of relief upon such motion will be set aside on appeal only for abuse of that discretion.[39] The discretion of the district court "must be exercised in light of the balance that is struck by Rule 60(b)(6) between the desideratum of finality and the demands of justice."[40]

In its March 2022 *Ruling*, which granted Defendants' *Motion to Dismiss* and dismissed Plaintiffs' claims without prejudice, this Court acknowledged that a live controversy could reemerge at any time, recognizing there could be significant and substantial changes to Louisiana's state law or the execution protocol.[41] Significant and substantial changes have occurred to both. In light of Louisiana's state law now providing new methods of execution, a new protocol addressing death by nitrogen hypoxia, and the state court's definitive actions of issuing death warrants, the Court finds that Plaintiffs have established extraordinary circumstances. The significant demands of justice, i.e., access to the courts and the protection of constitutional rights in relation to human life,

---

[35] *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013).
[36] *Batts v. Tow–Motor Forklift Co.,* 66 F.3d 743, 747 (5th Cir.1995) (citation omitted)
[37] *Id.* (citation omitted).
[38] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 357 (5th Cir.1993).
[39] *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)).
[40] *U.S. ex rel. Garibaldi v. Orleans Par. Sch. Bd.*, 397 F.3d 334, 340 (5th Cir. 2005) (quoting *Seven Elves, Inc.*, 635 F.2d at 402).
[41] R. Doc. 312, p. 21.

outweigh any interest of finality here, particularly when the court had not reached the merits of Plaintiff's Complaint. Based on the facts presented, a denial of Plaintiffs' Rule 60(b) motion would constitute manifest injustice.

Regarding the timeliness of Plaintiffs' motion, a party seeking Rule 60(b)(6) relief must file the motion within a "reasonable time."[42] Reasonableness turns on "the particular facts and circumstances of the case."[43] Plaintiffs' motion was filed in advance of the effective date of the amendments to Louisiana Revised Statues 15:569 and 15:570, which soon resulted in a new DPSC protocol providing for execution by nitrogen hypoxia. As such, this Court concludes Plaintiffs *Motion for Relief from Judgment Pursuant to FRCP 60(b)(6)* was reasonably and timely filed when a live controversy was resurrected by the Defendants' actions.

Throughout, the Plaintiffs challenge has been to Louisiana's execution protocol. Since the beginning, the parties agreed that for efficiency the case should be stayed because the existing protocol (lethal injection) was not viable. Now there is a new, seemingly viable, protocol. Justice is not served by denying Rule 60(b) relief simply to provoke the filing of a new lawsuit. Efficiency justified a protracted stay at the request of the parties. Now, judicial efficiency and economy is best served by granting relief from the Judgment of dismissal to enable amending this lawsuit to challenge the current protocol.

---

[42] *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).
[43] *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994) (citing *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992)).

This case has always been about Louisiana's execution protocol. It is still about Louisiana's execution protocol. And now that the protocol appears viable, there is an actionable case and controversy.

### III.  CONCLUSION

Plaintiffs' *Motion for Expedited Consideration* (Rec. Doc. 336) and *Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) (Rec. Doc. 318)* are hereby GRANTED. This Court's March 31, 2022 Judgment, which dismissed this matter without prejudice, is hereby VACATED.

Signed in Baton Rouge, Louisiana, this 21st day of February 2025.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**